THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GEORGE WILLIAMS, Defendant-Appellant.

Fourth District   No. 4—89—0877

Opinion filed March 22, 1990.

Daniel D. Yuhas and David Bergschneider, both of State Appellate Defender's Office, of Springfield, for appellant.

Charles Colburn, State's Attorney, of Jacksonville (Kenneth R. Boyle, Robert J. Biderman, and Denise M. Ambrose, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCULLOUGH delivered the opinion of the court:

The defendant George Williams pleaded guilty to burglary on July 11, 1989, and was sentenced on October 3, 1989, to serve six years' imprisonment. On November 7, 1989, the trial judge denied the defendant's motion to withdraw his plea of guilty. The defendant has filed a timely appeal.

The defendant argues a new sentencing hearing is necessary because the trial court erroneously believed that it had no discretion to place the defendant on probation under the Illinois Alcoholism and Other Drug Dependency Act (Act) (Ill. Rev. Stat. 1987, ch. 111½, par. 6360—2).

The issue being limited, only those matters appearing in the record which are pertinent to this disposition will be discussed.

■■ The pertinent statutory section of the Act is:

"An addict or alcoholic who is convicted of a crime may elect treatment under the supervision of a licensed program designated by the Department *** unless *** (g) the person has been convicted of residential burglary and has a record of one or more felony convictions." Ill. Rev. Stat. 1987, ch. 111½, par. 6360—1.

■■ Section 5—5—3 of the Unified Code of Corrections (Code) (Ill. Rev. Stat. 1987, ch. 38, par. 1005—5—3) also must be considered. It states:

"(a) Every person convicted of an offense shall be sentenced as provided in this Section.

* * *

(c)(2) A period of probation, a term of periodic imprisonment or conditional discharge shall not be imposed for the following offenses.

* * *

(F) A Class 2 or greater felony if the offender had been convicted of a Class 2 or greater felony within 10 years of

the date on which he committed the offense for which he is being sentenced.

\* \* \*

(8) When a defendant, over the age of 21 years, is convicted of a Class 1 or Class 2 felony, after having twice been convicted of any Class 2 or greater Class felonies in Illinois, and such charges are separately brought and tried and arise out of different series of acts, such defendant shall be sentenced as a Class X offender. This paragraph shall not apply unless (1) the first felony was committed after the effective date of this amendatory Act of 1977; and (2) the second felony was committed after conviction on the first; and (3) the third felony was committed after conviction on the second." Ill. Rev. Stat. 1987, ch. 38, pars. 1005—5—3(a), (c)(2)(F), (c)(8).

At the sentencing hearing, the trial court found the provisions of section 5—5—3 mandatory in requiring a penitentiary sentence. With respect to sentencing options, the court stated in part:

"The provisions of Chapter 111½ apparently don't disqualify defendant from the treatment alternatives, but treatment alternatives are discretionary with the Court, and that which is discretionary must yield to that which is mandatory."

The defendant's presentence report reveals the following documented history of criminality:

September 8, 1981    Defendant found guilty on a plea of burglary and robbery, sentenced to Department of Corrections, three years plus two years' mandatory supervised release.

December 17, 1984    Upon a plea of guilty, the defendant was convicted of residential burglary, sentenced to the Department of Corrections, four years with two years' mandatory supervised release.

The presentence report shows other criminal offenses not pertinent to this disposition.

The record further shows that the trial court at the time of sentencing stated:

"The defendant needs treatment. The Court would like to see him get treatment. There is no question that he is an addict.
\* \* \*

\* \* \* The Court has no discretion. \* \* \*

\* \* \* So, I can't understand the act, other than it was caused by alcohol or cocaine abuse. That's why I'm concerned about

mandatory sentencing in this case. But I have no discretion."

In *People v. Teschner* (1980), 81 Ill. 2d 187, 407 N.E.2d 49, the defendant was found guilty of burglary. Within the prior 10 years, he had twice been convicted of burglary. The supreme court stated,

"Under the Dangerous Drug Abuse Act, probation is not considered a sentence. Under the language of the Act, one is not 'sentenced' to probation as under the Unified Code of Corrections but rather 'placed' on probation.

We have held on previous occasions that the term 'probation' may have different meanings in different statutes. *** In our case the trial court's exercise of discretion in admitting a defendant to probation and requiring treatment under the Dangerous Drug Abuse Act is a disposition imposed as a rehabilitative treatment rather than a criminal sanction." *Teschner*, 81 Ill. 2d at 193, 407 N.E.2d at 52.

The determination of the supreme court in *Teschner* does not dictate the result in this case. The Dangerous Drug Abuse Act, which contained certain exceptions in determining the eligibility of a defendant to be released pursuant to that program, has been repealed. (Ill. Rev. Stat. 1977, ch. 91½, par. 120.8.) There are specific exceptions in section 10—101 of the Act, one of them being that the defendant is not eligible to be released under that program if he "has been convicted of residential burglary and has a record of one or more felony convictions." (Ill. Rev. Stat. 1987, ch. 111½, par. 6360—1(g).) Here, the defendant has three prior felony convictions including the residential burglary conviction of 1984. That the instant proceeding was not a conviction for residential burglary does not require a different result. It is clear that under the exceptions created in section 10—101 of the Act, the defendant is not eligible for release under that program and the trial court was correct in determining that it had no discretion in sentencing the defendant to either probation or treatment under the Act. Ill. Rev. Stat. 1987, ch. 111½, par. 6360—1.

*People v. Tucker* (1989), 183 Ill. App. 3d 333, 539 N.E.2d 243, is not helpful in a disposition of this case. In *Tucker*, the defendant was convicted of residential burglary and the trial court denied the defendant's petition pursuant to the provisions of the Act because the trial court mistakenly believed that the defendant's offense was nonprobationable, thereby rendering defendant ineligible for treatment under that statute. The reviewing court, following *Teschner*, stated the trial court's denial of the defendant's petition was based upon its misapprehension of the law and that the defendant could have otherwise qualified for addiction treatment under the Act. In *Tucker*, there is no

showing that the defendant had any prior criminal record, which makes its finding inapposite to this case.

In summary, the defendant did not qualify for treatment under the Act. His immediate conviction is for burglary. He had prior burglary and robbery convictions in 1981 and a residential burglary conviction in 1984. Defendant falls within the exception stated in section 10—101(g) of the Act for a person who has been convicted of residential burglary and has a record of one or more felony convictions. Ill. Rev. Stat. 1987, ch. 111½, par. 6360—1(g).

The trial court is affirmed.

Affirmed.

GREEN and STEIGMANN, JJ., concur.