THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
REGINALD LEWIS, Defendant-Appellant.

Fourth District   No. 4—91—0466

Opinion filed May 14, 1992.—Rehearing denied June 10, 1992.

Daniel D. Yuhas and Gloria Ann Morris, both of State Appellate Defender's Office, of Springfield, for appellant.

Vince Moreth, State's Attorney, of Carlinville (Norbert J. Goetten and Robert J. Biderman, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STEIGMANN delivered the opinion of the court:

In December 1990, defendant, Reginald Lewis, entered a negotiated guilty plea to residential burglary (Ill. Rev. Stat. 1989, ch. 38, par. 19—3(a)), theft of property having a value in excess of $300 (theft over $300) (Ill. Rev. Stat. 1989, ch. 38, par. 16—1(a)(1)(A)), and criminal sexual abuse (Ill. Rev. Stat. 1989, ch. 38, par. 12—15(a)(2)). In January 1991, defendant was sentenced to an extended term of 18 years in prison for residential burglary, an extended term of 8 years in prison for theft, and 125 days in jail for criminal sexual abuse. The

court also ordered defendant to pay restitution and directed that all the sentences be served concurrently. Defendant later filed a motion to withdraw his guilty pleas. In May and June 1991, the trial court conducted hearings on that motion and denied it. Defendant appeals, arguing that (1) the trial court erred by holding that defendant was not eligible for treatment as an alcoholic under section 10—101 of the Illinois Alcoholism and Other Drug Dependency Act (Act) (Ill. Rev. Stat. 1989, ch. 111½, par. 6360—1), (2) the trial court improperly imposed an extended term of imprisonment for theft, and (3) the order of restitution was defective. We affirm and remand with directions.

## I. BACKGROUND

On April 23, 1990, the State charged defendant with committing criminal sexual abuse and aggravated criminal sexual abuse (Ill. Rev. Stat. 1989, ch. 38, par. 12—16(c)(2)) on April 20, 1990. On June 12, 1990, the State charged defendant with committing residential burglary and theft over $300 on June 12, 1990. Defendant posted a cash bond and was released on both of these charges, and on November 5, 1990, the State charged defendant with theft over $300 on or about November 3, 1990.

In December 1990, during the second day of defendant's jury trial on the June residential burglary and theft charges, defendant entered a negotiated guilty plea to one count each of residential burglary, theft over $300, and criminal sexual abuse. All of the remaining charges were dismissed. Additionally, the State reduced the criminal sexual abuse charge from a Class 2 felony to a Class A misdemeanor. (Ill. Rev. Stat. 1989, ch. 38, par. 12—15(d).) The agreement left open the sentence to be imposed, and the State announced that it would seek concurrent, extended-term sentences on both the residential burglary and theft over $300 charges. The trial court ultimately sentenced defendant as earlier indicated, ordered him to pay restitution of $4,875, and directed him to pay the balance of the restitution, which was not covered by the cash bond he had earlier posted, within two years of his release from prison.

## II. DEFENDANT'S ELIGIBILITY FOR TREATMENT UNDER THE ACT

Defendant first contends on appeal that the trial court erred by failing to advise him at the sentencing hearing that, as an alternative to a prison sentence, he could elect to be treated as an alcoholic under the Act. The trial court considered this argument at the hearing on defendant's motion to withdraw his guilty plea and rejected it, finding

that defendant was not eligible under the Act to elect treatment. We agree.

■ Defendant's sentencing hearing arose from his pleas of guilty to residential burglary, theft over $300, and criminal sexual abuse. Section 10—101 of the Act, which outlines when a defendant is eligible to elect treatment, reads in pertinent part as follows:

"Election of treatment. An addict or alcoholic who is charged with or convicted of a crime may elect treatment under the supervision of a licensed program designated by the Department *** unless (a) the crime is a crime of violence; (b) the crime is a violation of Section 401, 402(a), 405 or 407 of the Illinois Controlled Substances Act, or Sections 4(d), 4(e), 5(d), 5(e), 7 or 9 of the Cannabis Control Act; (c) the person has a record of 2 or more convictions of a crime of violence; (d) other criminal proceedings alleging commission of a felony are pending against the person; *** (g) *the person has been convicted of residential burglary and has a record of one or more felony convictions*; (h) the crime is a violation of Section 11—501 of the Illinois Vehicle Code, as now or hereafter amended, or a similar provision of a local ordinance; or (i) the crime is a reckless homicide or a reckless homicide of an unborn child ***." (Emphasis added.) Ill. Rev. Stat. 1989, ch. 111½, par. 6360—1.

Before defendant pleaded guilty to these charges, he had not previously been convicted of residential burglary, although he had multiple prior felony convictions. Thus, the issue before this court then becomes whether defendant, upon the particular facts of this case, was eligible under section 10—101 of the Act to elect treatment under the Act.

This court had occasion to construe the above section 10—101 of the Act in *People v. Williams* (1990), 195 Ill. App. 3d 433, 437, 552 N.E.2d 389, 392, in which we held that a defendant who pleaded guilty to burglary was barred under section 10—101 from electing treatment because he had a previous conviction of residential burglary. Defendant in the present case seeks to distinguish his situation from that in *Williams* by pointing out that at the time of his sentencing hearing, he had not yet been formally *convicted* of residential burglary because, he claims, a "conviction" occurs when the court enters its final judgment, which is the pronouncement of sentence. Therefore, defendant argues, he was not convicted of residential burglary for purposes of the Act at the time of his sentencing hearing.

■ We do not agree with defendant's interpretation. First, we note that the Criminal Code of 1961 (Criminal Code) and the Unified

Code of Corrections (Unified Code) contain identical definitions of the term "conviction," and that definition does not support defendant's claim that a conviction technically occurs *only* when sentence is imposed. Section 2—5 of the Criminal Code and section 5—1—5 of the Unified Code both read as follows:

> " 'Conviction' means a judgment of conviction *or* sentence entered upon a plea of guilty or upon a verdict or finding of guilty of an offense, rendered by a legally constituted jury or by a court of competent jurisdiction authorized to try the case without a jury." (Emphasis added.) (Ill. Rev. Stat. 1989, ch. 38, pars. 2—5, 1005—1—5.)

Thus, the term "conviction" in some circumstances may mean a judgment of conviction entered upon a plea of guilty. In the present case, after the trial court accepted defendant's guilty pleas, it entered judgment thereon—the standard practice in this State whenever a trial court accepts a guilty plea. Consistent with the above definition, we hold that the trial court's entry of judgment upon defendant's guilty plea to residential burglary constituted a "conviction" of that offense for purposes of section 10—101 of the Act.

■ Additionally, we find defendant's argument contrary to the plain language of section 10—101(g) of the Act, which speaks on the one hand of a person who *has been convicted* of residential burglary, while speaking on the other hand of a person who *has a record* of one or more felony convictions. (Ill. Rev. Stat. 1989, ch. 111½, par. 6360—1(g).) If the legislature intended section 10—101(g) to have the effect that defendant now argues, it would read as follows: "The person has a record of one or more felony convictions and, in addition thereto, has a record of a conviction of residential burglary." This wording would indicate that a defendant's current conviction of residential burglary—then also before the court for sentencing—would render the defendant ineligible to elect treatment under the Act. Of course, no such wording is present in section 10—101(g) of the Act, and we hold that section 10—101(g) includes *both* past and current convictions for residential burglary.

Because we agree with the trial court that defendant was not eligible to elect treatment under the Act, we need not address whether the evidence before the court sufficed to require the court to instruct defendant about the Act.

### III. Imposition Of Multiple Extended-Term Sentences

Citing *People v. Jordan* (1984), 103 Ill. 2d 192, 207, 469 N.E.2d 569, 576, and *People v. Clemons* (1989), 179 Ill. App. 3d 667, 674, 534

N.E.2d 676, 680, defendant argues that because an extended-term sentence may only be imposed for the offense within the most serious class of offenses of which an accused is convicted—here, residential burglary—the trial court improperly imposed an extended term for his conviction of theft over $300. Although defendant accurately states the holdings in *Jordan* and *Clemons*, they do not apply to the present case.

■ The defendants in *Jordan* and *Clemons* were given extended-term sentences on lesser offenses which arose out of the same conduct as the greater offenses for which they were also given extended-term sentences. In the present case, defendant's convictions for residential burglary and theft over $300 are totally unrelated. Although the trial court imposed multiple extended-term sentences at one sentencing hearing, that hearing should be viewed as a joint sentencing hearing involving unrelated offenses. Accordingly, the trial court could properly impose extended-term sentences for each conviction. See *People v. Whitson* (1984), 127 Ill. App. 3d 999, 1006, 470 N.E.2d 1054, 1059.

## IV. THE ORDER OF RESTITUTION

■ The trial court applied the cash bond defendant had posted toward restitution after first deducting various costs and fees. The court further ordered defendant to pay the balance of restitution within two years of his release from prison. Defendant argues that this order of restitution violates the terms of section 5—5—6(f) of the Unified Code (Ill. Rev. Stat. 1989, ch. 38, par. 1005—5—6(f)), which requires the sentencing court to "fix a period of time not in excess of 5 years within which payment of restitution is to be paid in full." Defendant argues that because he was given an 18-year prison sentence, the court's order of restitution exceeds the statutory limit of five years within which restitution must be paid. The State concedes this point, and we agree.

Although we sympathize with the trial court's goal of providing a means through which defendant could be required to pay restitution to his victims once he has been released from prison, the General Assembly has not seen fit to authorize trial courts to enter restitution orders such as the one entered in the present case.

## V. CONCLUSION

For the reasons stated, we vacate the order of restitution and remand with directions that the trial court consider the issue anew and, if it chooses to enter a restitution order, do so in compliance with the

660

provisions of section 5—5—6(f) of the Unified Code. (Ill. Rev. Stat. 1989, ch. 38, par. 1005—5—6(f).) In all other respects, we affirm the judgment and sentence imposed by the trial court.

Affirmed and remanded with directions.

GREEN, P.J., and McCULLOUGH, J., concur.