THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
JEFFREY HENLEY, Defendant-Appellant.

Second District   No. 2—92—0534

Opinion filed January 14, 1994.

G. Joseph Weller and Patrick M. Carmody, both of State Appellate De-
fender's Office, of Elgin, and David W. Devinger, of Woodstock, for appel-
lant.

Michael J. Waller, State's Attorney, of Waukegan (William L. Browers
and Gregory L. Slovacek, both of State's Attorneys Appellate Prosecutor's
Office, of counsel), for the People.

JUSTICE QUETSCH delivered the opinion of the court:

Following a bench trial in the circuit court of Lake County, the
defendant, Jeffrey Henley, was found guilty of robbery (Ill. Rev. Stat.

1991, ch. 38, par. 18—1(a) (now 720 ILCS 5/18—1(a) (West 1992))) and sentenced to eight years' imprisonment. The defendant appeals only his sentence, contending that the trial court erred in determining that he was not eligible for Treatment Alternatives to Street Crimes (TASC) since his robbery involved the use of force. We vacate the defendant's sentence and remand for a new sentencing hearing.

The court determined from the evidence presented at trial that at approximately 1:45 a.m. on December 22, 1991, the defendant knocked the victim to the ground, kicked him, ripped his pants, and stole his wallet. The court found the defendant guilty of robbery and it continued the cause for sentencing. At the sentencing hearing on April 23, 1992, the defendant requested treatment by TASC. The court stated:

> "[U]nder the TASC statute it sets forth certain crimes for which a defendant may not be considered for TASC. This crime is not specifically mentioned, but it does talk about any other felony which involves the use or threat of physical force or violence against another individual. And I don't know how this is not that. The defendant knocked the victim to the ground and stole his wallet from him. It was not only the threat of force, but the use of force that caused this. *** I think because of the nature of the offense the defendant is not eligible for TASC, and it somewhat sickens me to make that finding because I know it's not going to solve any of the defendant's problems this way. I think that the nature of the crime because it was a violent crime makes you ineligible for TASC, and that's unfortunate. But that's the way it is. *** The criminal history of the defendant is extensive. Many times the defendant could have straightened himself out, and you just haven't done it, probably because of the drug problems. *** Unfortunately, your record and the nature of this offense has in my view made you ineligible for the things that I would like to consider for you. I just don't think I can appropriately do that in this particular case."

On April 23, 1992, the court sentenced the defendant to eight years' imprisonment. He filed a notice of appeal that same day. On May 18, 1992, the defendant filed a motion to reduce the sentence. (Ill. Rev. Stat. 1991, ch. 38, par. 1005—8—1(c) (now 730 ILCS 5/5—8—1(c) (West 1992)).) The defendant's motion was not timely filed, though, since the notice of motion did not set a hearing date. (See Ill. Rev. Stat. 1991, ch. 38, par. 1005—8—1(c) (now 730 ILCS 5/5—8—1(c) (West 1992)).) The defendant's failure to file a timely post-sentencing motion results in the waiver of his sentencing arguments on appeal.

(*People v. Lindsay* (1993), 247 Ill. App. 3d 518, 527.) However, we choose to address the merits of the case on the basis of plain error. See *People v. Hess* (1993), 241 Ill. App. 3d 276, 283; 134 Ill. 2d R. 615(a).

■■■ Under the Illinois Alcoholism and Other Drug Dependency Act (Ill. Rev. Stat. 1991, ch. 111½, par. 6360—1 (now 20 ILCS 305/ 10—101 (West 1992))), a person convicted of a "crime of violence" is ineligible to elect treatment for drug addiction. The Act states:

> " 'Crime of violence' means any of the following crimes: treason, murder, voluntary manslaughter, criminal sexual assault, aggravated criminal sexual assault, armed robbery, arson, kidnapping, aggravated battery, aggravated arson, or any other felony which involves the use or threat of physical force or violence against another individual." Ill. Rev. Stat. 1991, ch. 111½, par. 6351—3 (now 20 ILCS 305/1—103 (West 1992)).

The trial court's comments at the sentencing hearing indicate that it believed that the defendant was ineligible for TASC due to the violent nature of his robbery. However, our supreme court held otherwise in *People v. McCoy* (1976), 63 Ill. 2d 40. There, the State argued that robbery by definition is a felony which involves the use of force or threat of force. (*McCoy*, 63 Ill. 2d at 44.) The supreme court noted, though, that the legislature had amended the Dangerous Drug Abuse Act (the predecessor to the Illinois Alcoholism and Other Drug Dependency Act) in 1973 and substituted the offense of *armed* robbery for robbery in the listing of disqualifying crimes. The court therefore held that the legislature did not intend robbery to be a crime of violence within the meaning of the Act. *McCoy*, 63 Ill. 2d at 45.

We followed *McCoy* in *People v. Williams* (1985), 138 Ill. App. 3d 592. There, the trial court reasoned that although robbery is not listed as a "crime of violence," the offense committed by the defendant fell within the definition of other felonies involving force or violence, since the defendant had used a firearm in committing the offense. (*Williams*, 138 Ill. App. 3d at 593.) Citing *McCoy*, we held that the trial court erred in finding that the defendant was ineligible for treatment under the Act due to the violent nature of the robbery. *Williams*, 138 Ill. App. 3d at 594.

We also held, though, that the trial court had not abused its discretion in refusing to admit the defendant to a treatment program since it had specifically found that, regardless of the defendant's eligibility, he was a violent individual who was unlikely to comply with a treatment program. (*Williams*, 138 Ill. App. 3d at 594.) The State contends that the trial court in this case also made a finding that the

defendant was not a suitable candidate for TASC, regardless of the violent nature of the robbery, when it stated that *"your record* and the nature of this offense has in my view made you ineligible for the things that I would like to consider for you." (Emphasis added.) However, we think that an examination of the entire transcript of the sentencing hearing clearly shows that, unlike *McCoy,* the trial court would have considered the defendant for TASC treatment had it not mistakenly believed that the violent nature of the defendant's robbery precluded it from doing so. We specifically note the trial court's statement that "I think because of the nature of the offense the defendant is not eligible for TASC, and it somewhat sickens me to make that finding because I know it's not going to solve any of the defendant's problems this way."

■ The State argues, though, that this case is similar to *People v. Freeman* (1988), 167 Ill. App. 3d 740, 745, in which we held that "[o]ur interpretation of *** the Act is that if a defendant is charged with or convicted of an enumerated offense, he is automatically ineligible to participate in the program. However, if the offense constitutes a felony, yet is not enumerated, the court must consider the nature of the crime to determine whether it involved force or violence." *Freeman* is inapposite to the present case. Freeman was convicted of aggravated criminal sexual abuse. No prior cases had decided whether that crime was a crime of violence for the purposes of the Act. (*Freeman,* 167 Ill. App. 3d at 745.) In contrast, our supreme court has determined that robbery is *not* a crime of violence for the purposes of the Act. The trial court therefore erred when it determined that the defendant's robbery automatically excluded him from participation in TASC.

The State speculates that the defendant may not be eligible for TASC anyway since it is unclear from the record whether the requisite consent from the parole authority will be available (Ill. Rev. Stat. 1991, ch. 111½, par. 6360—1(e) (now 20 ILCS 305/10—101(e) (West 1992))) and the defendant *may* have a residential burglary conviction among his felony convictions. (Ill. Rev. Stat. 1991, ch. 111½, par. 6360—1(g) (now 20 ILCS 305/10—101(g) (West 1992)).) However, the trial court did not reach the consideration of such factors since it had already mistakenly determined that the defendant was not eligible for TASC due to the violent nature of his robbery. Although we have held that the robbery alone does not preclude the defendant's participation in TASC, the trial court on remand should determine whether the defendant is otherwise eligible for treatment.

For the foregoing reasons, we vacate the defendant's sentence and remand this cause for a new sentencing hearing.

Vacated and remanded.

GEIGER and BOWMAN, JJ., concur.