THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. HENRY SCOTT, Defendant-Appellant.

Fourth District    No. 4—93—0395

Opinion filed June 30, 1994.

Daniel D. Yuhas and Judith L. Libby, both of State Appellate Defender's Office, of Springfield, for appellant.

Michael D. Clary, State's Attorney, of Danville (Norbert J. Goetten, Robert J. Biderman, and Jeffrey K. Davison, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STEIGMANN delivered the opinion of the court:

In January 1993, a jury found defendant, Henry Scott, guilty of residential burglary (Ill. Rev. Stat. 1991, ch. 38, par. 19—3) and robbery of a person 60 years of age or over (Ill. Rev. Stat. 1991, ch. 38, par. 18—1). Thereafter, the trial court sentenced defendant to concurrent prison terms of six years on each conviction. Defendant appeals, arguing that the trial court erred by (1) failing to find him eligible for treatment under the Illinois Alcoholism and Other Drug Dependency Act (Act) (20 ILCS 305/1—101 *et seq.* (West 1992)), and (2) incorrectly determining the number of days to which he was entitled as credit for his time spent in pretrial incarceration.

We agree with defendant on both arguments and remand to the trial court for reconsideration of defendant's sentence.

## I. BACKGROUND

On the morning of June 28, 1992, defendant knocked on the door of Everett Cox' home. When Cox answered, defendant told him that he was the new paperboy and asked to use Cox' phone because his car had broken down. Cox, who was 85 years of age, agreed and let defendant enter his home. Once inside, defendant ripped the kitchen phone out of the wall, grabbed Cox from behind, and told Cox that he was going to rob him. Defendant also told Cox that he did not want to hurt him but he would if he had to. Defendant led Cox into the bedroom and took Cox' billfold, containing approximately $400 and some credit cards. Defendant then led Cox into the bathroom, told him to stay there for 15 minutes, and immediately left.

## II. DEFENDANT'S ELIGIBILITY FOR TREATMENT UNDER THE ACT

●1 Defendant first argues that the trial court erred by finding

that he was ineligible for treatment under the Act. Section 10—101 of the Act provides, in pertinent part, as follows:

"Election of treatment. An addict or alcoholic who is charged with or convicted of a crime may elect treatment under the supervision of a licensed program designated by the Department *** unless *** (g) the person has been convicted of residential burglary and has a record of one or more felony convictions." 20 ILCS 305/10—101 (West 1992).

Pointing out that he had no prior felony convictions, defendant claims that his robbery conviction in this case could not be used to satisfy the element of his having a "record of one or more felony convictions" under section 10—101(g) of the Act. (See 20 ILCS 305/10—101(g) (West 1992).) The State responds that defendant is not eligible for treatment under the Act because his robbery conviction became a "conviction" under section 10—101(g) after the trial court entered judgment in January 1993 on the jury's guilty verdict of robbery prior to defendant's sentencing hearing in April 1993. When considering defendant's eligibility for treatment under the Act at the sentencing hearing, the trial court stated the following:

"The court will rule, first of all, that you are not eligible for [treatment under the Act] based upon the conviction of—well, you have two convictions here, the residential burglary and another felony conviction, that being robbery of a person 60 years of age or older."

The court's comments indicate that it believed defendant's convictions in *this case* for residential burglary and robbery precluded his eligibility for treatment under the Act, and the State asserts that the court's belief was correct.

Under section 10—101(g) of the Act, if a defendant has been (1) convicted of residential burglary, and (2) "has a record of one or more felony convictions," he is ineligible for treatment under the Act. In *People v. Lewis* (1992), 228 Ill. App. 3d 654, 658, 592 N.E.2d 671, 674, this court interpreted the language "has been convicted of residential burglary" as including both past and current convictions for residential burglary. Accordingly, in this case, defendant's conviction for residential burglary meets the first element of the exclusion provided under section 10—101(g).

Regarding the second prong of the exclusion test under section 10—101(g) of the Act, we note that the language "having a record" differs from that same section's language regarding residential burglary. Section 10—101(g) of the Act refers, on the one hand, to a person who "has been convicted" of residential burglary and, on the other hand, to a person who "has a record" of a felony conviction. (20

ILCS 305/10—101(g) (West 1992).) In *Lewis*, we interpreted the language "has been convicted" as meaning any judgment of conviction prior to the sentencing hearing at issue, including the conviction for which the sentencing hearing at issue is being held. (*Lewis*, 228 Ill. App. 3d at 658, 592 N.E.2d at 674.) The State asks us to interpret the language "has a record" as meaning the same thing as "has been convicted," but we decline to do so.

We conclude that the legislature did not intend for these two phrases to have the same meaning. If the legislature intended for *any* conviction of another felony—whenever it occurred—to bar eligibility under the Act, then it could easily have used the same language it used when referring to residential burglary, namely, "has been *convicted* of one or more felonies." We interpret the meaning of "has a record" as requiring that the conviction for a felony must occur before the residential burglary conviction and—more important for this case—may not arise, as here, from the same course of conduct out of which the residential burglary conviction arose. Accordingly, we hold that when a felony conviction arises from the same course of conduct as the residential burglary conviction, as it did in this case, the defendant does not "have a record" of a felony conviction for the purposes of section 10—101 of the Act.

We conclude that the trial court erred in finding that defendant's robbery conviction precluded his eligibility under the Act. As a result, we remand this case to the trial court to determine whether defendant is otherwise eligible for treatment. See *People v. Henley* (1994), 255 Ill. App. 3d 585, 588, 627 N.E.2d 405, 407.

### III. CREDIT FOR TIME SERVED

•2 Defendant also argues that the trial court incorrectly calculated the number of days of credit for time served to which he was entitled. The State concedes that defendant was entitled to credit for 119 days against his sentence rather than the 114 days as found by the trial court. Thus, the trial court on remand should revise defendant's sentencing order accordingly.

### IV. CONCLUSION

For the reasons stated, we reverse defendant's sentence and remand for further proceedings in accordance with this opinion.

Reversed and remanded.

McCULLOUGH, P.J., and GREEN, J., concur.