664 N.E.2d 1042 (1996)
279 Ill. App.3d 829
216 Ill.Dec. 114
The PEOPLE of the State of Illinois, Plaintiff-Appellee,
v.
Perry HANDY, Jr., Defendant-Appellant.
No. 4-95-0356.
Appellate Court of Illinois, Fourth District.
March 20, 1996.
Supplemental Opinion on Denial of Rehearing May 2, 1996.
*1043 Daniel D. Yuhas, Deputy Defender, Office of State Appellate Defender, Springfield, Arden J. Lang, Asst. Defender, Office of State Appellate Defender, Springfield, for Perry Handy Jr.
Charles Colburn, State's Attorney, Jacksonville, Norbert J. Goetten, Director, State's Attorneys Appellate Prosecutor, Springfield, Robert J. Biderman, Deputy Director, State's Attorneys Appellate Prosecutor, Springfield, David B. Appleman, of counsel, State's Attorneys, Appellate Prosecutor, Springfield, for People.
Justice STEIGMANN delivered the opinion of the court:
In February 1995, defendant, Perry Handy, Jr., pleaded guilty to vehicular invasion (720 ILCS 5/12-11.1 (West 1994)), in an "open plea," meaning that no agreement existed between the State and defendant regarding what sentence the State would recommend to the trial court. The court ordered a presentence report and allotted the sentencing hearing for the following month. In March 1995, the court conducted a sentencing hearing and sentenced defendant to six years in prison. Defendant filed a timely motion to modify sentence, which the court denied.
Defendant appeals, arguing that the trial court erred by (1) imposing a prison sentence because of its mistaken belief that defendant was not eligible for the Treatment Alternative for Special Clients (TASC) program in lieu of a prison sentence; (2) considering in aggravation two factorsnamely, compensation and defendant's causing or threatening serious harmwhich are inherent in the offense; and (3) abusing its discretion in imposing a six-year sentence.
We affirm.

I. BACKGROUND
At the March 1995 sentencing hearing, neither party presented any evidence. The *1044 trial court received the presentence report prepared by the probation department and arguments of counsel. Defense counsel recommended a sentence of probation with 180 days in custody as a condition thereof, emphasizing (1) his client's youth (defendant was then 20 years old), and (2) that because a TASC program report indicated that defendant had a drug or alcohol problem, the court should consider defendant's participation in TASC as an alternative to prison. See section 40-10(a) of the Alcoholism and Other Drug Abuse and Dependency Act (20 ILCS 301/40-10(a) (West 1994)).
The State pointed out that defendant had a prior aggravated battery conviction for which he had served two years on probation and spent 109 days in jail in 1992, as well as some misdemeanor convictions. The State also contended that defendant was not eligible for TASC because of the violent nature of the charge he was convicted of, and the trial court appeared to agree.
The presentence report indicated that the offense in question occurred in the early morning hours when the victim, while returning home from work, stopped her car at a stop sign. Defendant opened her car door, grabbed her by the hair, pulled her head back against the seat, and said, "How much money do you have, bitch?" The victim pleaded with him to take whatever she had and leave her alone. He then took her purse and fled. At the sentencing hearing, the trial court noted that it had "no doubt that [the victim] was terrified" and sentenced defendant to six years in prison with credit for 111 days already served in the county jail.
Defendant filed a timely motion to modify sentence, arguing that his sentence was "excessive under those guidelines set out in [s]ection 5-5-3" of the Unified Code of Corrections. See 730 ILCS 5/5-5-3 (West 1994). In May 1995, the trial court conducted a hearing on that motion and denied it.

II. WAIVER UNDER SUPREME COURT RULE 604(d)
The State contends that defendant's first two arguments regarding his sentencenamely, that the trial court erred by not considering TASC and by considering inherent factorsare waived because defendant failed to include them in his motion to modify sentence. Resolving this issue requires this court to analyze Rule 604(d) (145 Ill.2d R. 604(d)), which addresses appeals in cases like this, which arise from guilty pleas.
In 1975, the supreme court added paragraph (d) to Supreme Court Rule 604 in response to the large number of guilty pleas which defendants were appealing. As originally promulgated, Rule 604(d) provided that a defendant could not appeal from a judgment entered upon a guilty plea unless, within 30 days of his sentencing, he filed a motion in the trial court to withdraw his plea of guilty and vacate the judgment. In 1975, the last sentence of Rule 604(d) provided as follows: "Upon appeal any issue not raised by the defendant in the motion to withdraw the plea of guilty and vacate the judgment shall be deemed waived." 58 Ill.2d R. 604(d).
Thirteen years after the supreme court promulgated Rule 604(d), that court assessed how the lower courts had applied that rule and indicated clearly it was not pleased with the results. In People v. Wilk, 124 Ill.2d 93, 103-05, 124 Ill.Dec. 398, 401-02, 529 N.E.2d 218, 221-22 (1988), the supreme court noted that the lower courtsboth appellate and trialhad not been following Rule 604(d) and wrote the following:
"At the risk of stating the obvious, it should be pointed out that the rules adopted by this court concerning criminal defendants and guilty pleas are in fact rules of procedure and not suggestions. It is incumbent upon counsel and courts alike to follow them. * * * These rules are not written in a vacuum and they represent our best efforts at ordering the complex and delicate process of plea bargains and guilty pleas.
In short, Rule 604(d) has a purpose. That purpose is to ensure that before a criminal appeal can be taken from a guilty plea, the trial judge who accepted the plea and imposed sentence be given the opportunity to hear the allegations of improprieties * * *. * * * A hearing under Rule 604(d) allows a trial court to immediately correct any improper conduct or any errors *1045 of the trial court that may have produced a guilty plea.
* * * * * *
Rule 604(d) establishes a condition precedent for an appeal from a defendant's plea of guilty."
Effective August 1992, the supreme court amended Rule 604(d) in response to situations in which defendants convicted through guilty pleas wished to challenge only their sentences on appeal, as in this case. The court amended Rule 604(d) to provide that the defendant may not appeal the sentence imposed upon a guilty plea unless, within 30 days of sentencing, he filed in the trial court a motion to reconsider the sentence. Significantly for our purposes, the court also amended the last sentence of Rule 604(d) to read as follows: "Upon appeal any issue not raised by the defendant in the motion to reconsider the sentence or withdraw the plea of guilty and vacate the judgment shall be deemed waived." 145 Ill.2d R. 604(d).
The question this appeal presents is whether the supreme court requires the same literal compliance with Rule 604(d) as amended in 1992 (to pertain to appeals challenging only the sentence) as it required (as explained in Wilk) regarding that rule prior to the 1992 amendment. We hold that the answer is yesthe supreme court requires the same compliance.
Accordingly, taking the language of the supreme court literallyas we mustwe hold that defendant in this case, in order to appeal the sentence the trial court imposed, must first have not only filed in the trial court a motion to reconsider the sentence, but, in addition, must have raised in that motion any issue he might wish to raise on appeal. His failure to do so waives our consideration of any such issue. We further hold that this waiver rule applies to any claim that the trial court erred (1) by improperly finding defendant not eligible for TASC consideration, and (2) by improperly considering at sentencing any factor otherwise inherent in the crime. Because these are the first two sentencing issues defendant raises in his appeal, we deem them waived and will not address them further.

III. DEFENDANT'S CLAIM THAT THE TRIAL COURT ABUSED ITS DISCRTION IN SENTENCING HIM
Defendant next argues that his six-year prison sentence was excessive and constitutes an abuse of the trial court's discretion. We disagree. Vehicular invasion is a Class 1 felony (720 ILCS 5/12-11.1(b) (West 1994)), which means that the court, within its discretion, could sentence defendant to probation (as defense counsel recommended) or to prison for not less than 4 years nor more than 15 years (730 ILCS 5/5-5-3(b), 5-8-1(a)(4) (West 1994)). Given defendant's criminal historytwo misdemeanor convictions and a prior conviction for aggravated batterydefendant can hardly claim that the court abused its discretion by not sentencing him to probation yet again. Further, the crime defendant committed constitutes one of those random acts of violence which most frighten and outrage the public and which call for a serious response from the courts.
In People v. Nussbaum, 251 Ill.App.3d 779, 780-81, 191 Ill.Dec. 165, 167, 623 N.E.2d 755, 757 (1993), this court wrote the following:
"The trial court is in the best position to make a reasoned decision as to the appropriate punishment in each case, and we will not reverse the trial court unless it has abused its discretion when making that decision. (People v. Streit (1991), 142 Ill.2d 13, 19 [153 Ill.Dec. 245, 247], 566 N.E.2d 1351, 1353.) That court enjoys wide latitude in determining and weighing factors in mitigation or aggravation, and this court gives great deference and weight to the sentence the trial court thought appropriate in any given case."
Judged in accordance with this standard, we conclude that the six-year prison sentence the trial court imposed in this case is far from constituting an abuse of its discretion.

IV. CONCLUSION
For the reasons stated, we affirm the trial court.
Affirmed.
McCULLOUGH and GARMAN, JJ., concur.

*1046 SUPPLEMENTAL OPINION UPON DENIAL OF REHEARING:
Justice STEIGMANN delivered the opinion of the court:
Defendant filed a petition for rehearing in which (1) he challenges this court's statement that he waived two issues on appealnamely, that the trial court erred by not considering Treatment Alternatives for Special Clients (TASC) and by considering inherent factorsbecause he failed to include them in a motion to reconsider the sentence; and (2) he contends this court should consider whether these sentencing issues, if otherwise waived, constitute plain error. Although we deny the petition for rehearing, we choose to address the points defendant raises in that petition, as follows.

I. DEFENDANT'S MOTION TO REDUCE SENTENCE
On March 21,1995, the trial court conducted a sentencing hearing and sentenced defendant to six years in prison. At all times during defendant's trial and sentencing hearing, he was represented by counsel. On March 29, 1995, defendant's attorney filed a motion to modify sentence, which stated in its entirety: "Comes now Defendant * * * and prays this court to modify that sentence previously entered herein for reasons that said sentence be excessive under those guidelines set out in section 5-5-3 of the Unified Correction Code." Upon receiving this motion, the trial court set it for hearing on May 2,1995.
On April 20, 1995, defendant filed a pro se motion for reduction of sentence. In that motion, defendant asked in general terms that his sentence be reduced and stated, in part, the following: "The defendant cooperated with law enforcement officers, and in his past tried to obtain help from TASC but was denied." That motion made no other reference to TASC in particular or drug treatment in general.
On May 2, 1995, prior to the hearing on the motion to modify sentence, defendant's counsel filed a certificate, in compliance with Rule 604(d), which stated that (1) he had consulted in person with defendant to ascertain his contention of errors, (2) he had examined the trial court file and report of proceedings of the plea of guilty, and (3) he had amended defendant's motion as necessary for presentation of any defects in said proceedings. However, defense counsel did not amend the March 29 motion, and at the May 2 hearing on that motion, he made no reference to TASC or drug treatment. Instead, he suggested that if the court thought his initial recommendation of probation subject to 180 days in jail was not appropriate, then the court should sentence defendant to four years in prison, not the six-year sentence imposed. The trial court denied the motion, and neither the court nor defense counsel made any reference to defendant's pro se motion for reduction of sentence. Defendant, although present at that hearing, made no statement to the court about that motion, either.
On this record, defendant claims that the TASC issue was properly before the trial court at the hearing on defendant's motion to reduce sentence because (1) defendant filed his own pro se motion raising that issue, and (2) the court "understood" from defense counsel's argument at that hearing about the appropriateness of probation, as well as his earlier argument at the sentencing hearing about the possibility of TASC, that counsel was asking the court to reconsider its denial of TASC for this defendant. We disagree with both of these arguments.

A. Defendant's Pro Se Motion
The trial court correctly ignored defendant's pro se motion for reduction of sentence because it was not properly before the court. Defendant was represented by counsel at all pertinent times. Accordingly, defendant had no authority to file pro se motions, and the court not only did not need to consider them, it should not have considered them. Defendant had the right to proceed either pro se or through counsel; he had no right to some sort of hybrid representation, whereby he would receive the services of counsel and still be permitted to file pro se motions.
This court has previously addressed this subject, in People v. Pondexter, 214 Ill. App.3d 79, 87-88, 157 Ill.Dec. 921, 927, 573 *1047 N.E.2d 339, 345 (1991), where we wrote the following:
"An accused has either the right to have counsel represent him or the right to represent himself; however, a defendant has no right to both self-representation and the assistance of counsel. * * * It is obvious that both of these rights cannot be exercised at the same time. [Citation.]
Once this election is made, the roles of attorney and client are defined. * * * [Defense counsel] has the responsibility to determine when and whether to object, what witnesses to call and what defenses to develop. * * *
[A trial court has] no responsibility to entertain [a] defendant's pro se motions during the time he was represented by counsel. * * * A defendant, when represented by competent counsel, must not be permitted to proceed unfettered, to file a stream of pro se motions * * *. The only exception affording the right to file pro se motions while represented by counsel are motions directed to defendant's attorney's representation.
* * * * * *
* * * [A] defendant is not entitled to a `hybrid trial' where he alternates between proceeding pro se and being represented by counsel. [Citation.] The accused has no such right to both representation of counsel and to also conduct portions of the proceedings on his own."
We reaffirm our holding in Pondexter and conclude that defendant's pro se motion for reduction of sentence was not properly before the trial court. Accordingly, that motion could not serve as a basis for compliance by defendant with the requirements of Supreme Court Rule 604(d).

B. The Trial Court's "Understanding" of Defendant's Position at the Hearing on the Motion To Reduce Sentence
We reject defendant's argument that even if defense counsel's motion for reduction of sentence failed to refer to TASC, the issue was not waived because the trial court "understood" from the context of counsel's argument that TASC was an issue defendant was addressing at the hearing on the motion to reduce sentence. In People v. Foster (1996), 171 Ill.2d 469, 471, 216 Ill.Dec. 565, 566, 665 N.E.2d 823, 824, the Supreme Court of Illinois revisited Rule 604(d) and reemphasized the requirement that a defendant must file a written motion with the trial court to reconsider sentence before he can appeal the sentence imposed. Further, we note that in the course of a four-page opinion, the supreme court referred four times to the need for "strict compliance" with Rule 604(d), stating at one point that "this court has without exception required strict compliance with Rule 604(d)." Foster, 171 Ill.2d at 474, 216 Ill.Dec. at 568, 665 N.E.2d at 826.
Consistent with the supreme court's holding in Foster, we reject defendant's argument that anything short of a written post-trial motion to reduce sentence could comply with the requirements of Rule 604(d). Thus, as in this case, all claims not set forth in the written motion are waived from consideration on appeal, no matter what the "understanding" of the judge, prosecutor, or defense counsel may have been. We quote again from Foster as follows: "[N]o agreement by the judge, prosecutor and defendant, or any combination thereof, can obviate the need for strict compliance with Rule 604(d)'s written-motion requirement as a prerequisite to appeal." Foster, 171 Ill.2d at 472, 216 Ill.Dec. at 567, 665 N.E.2d at 825.

II. THE APPLICATION OF PLAIN ERROR TO RULE 604(d) WAIVERS
Defendant argues that even if we conclude that he waived those issues because of his failure to comply with Supreme Court Rule 604(d), we should still consider whether plain error occurred. Defendant specifically contends that we should find plain error in the trial court's sentence due both to its failure to impose TASC probation and its consideration of two factors allegedly inherent in the offense of vehicular invasion. In support, defendant cites the decision of the Second District Appellate Court in People v. Henley, 255 Ill.App.3d 585, 587, 194 Ill.Dec. *1048 289, 290, 627 N.E.2d 405, 406 (1994), where the court chose to address as plain error the merits of defendant's claim that the trial court failed to impose TASC probation. We respectfully disagree with our colleagues from the second district and decline to apply plain error in this case.
In People v. Keene, 169 Ill.2d 1, 16-17, 214 Ill.Dec. 194, 202-03, 660 N.E.2d 901, 909-10 (1995), the supreme court addressed the issue of plain error and wrote the following:
"[Rule 615(a)] states that notice may be taken of `[a]ny error, defect, irregularity, or variance' which affects `substantial rights' though such was not `brought to the attention of the trial court.' (134 Ill.2d R. 615(a); see also People v. Pickett (1973), 54 Ill.2d 280, 282[, 296 N.E.2d 856, 858] (noting that the rule does not mandate review of all errors affecting substantial rights).) Plain error exists only with respect to `fundamental fairness': a procedural default will not preclude review of an issue involving `substantial rights' if to honor the bar would work `fundamental [un]fairness.' [Citation.] Plain error marked by `fundamental [un]fairness' occurs only in situations which `reveal breakdowns in the adversary system,' as distinguished from `typical trial mistakes.' [Citation.] Put differently, what must be affected by the asserted error must be something `fundamental to the integrity of the judicial process.' [Citation.] Essentially, the fairness of the trial must be undermined.
* * * [T]he so-called plain error doctrine offers no basis to excuse a procedural default. [Citation.] The point is crucial, for while all plain errors are reversible ones, not all reversible errors are also `plain' for purposes of Rule 615(a). [Citation.] Of course, to determine whether a purported error is `plain' requires a substantive look at it. But if, in the end, the error is found not to rise to the level of a plain error as contemplated by Rule 615(a), the procedural default must be honored."
More recently, in People v. Munson (1996), 171 Ill.2d 158, 195-96, 215 Ill.Dec. 125, 141, 662 N.E.2d 1265, 1281, the supreme court added the following:
"`Before plain error can be considered as a means of circumventing the general waiver rule, [however], it must be plainly apparent from the record that an error affecting substantial rights was committed.' [Citation.] Even then, the plain error rule does not mandate review of all errors affecting substantial rights."
We hold that the alleged errors in this casethe trial court's failure to impose TASC probation and its consideration at sentencing of factors allegedly inherent in the offensedo not amount to plain error "`marked by "fundamental [un]fairness" * * * which "reveal breakdowns in the adversary system" as distinguished from "typical trial mistakes."'" Munson (January 29, 1996), 171 Ill.2d at 196, 215 Ill.Dec. at 142, 662 N.E.2d at 1282, quoting Keene, 169 Ill.2d at 17, 214 Ill.Dec. at 202-03, 660 N.E.2d at 909-10. This court will take the supreme court at its word and find plain error only in exceptional circumstances in which a true injustice may have resulted, or as recently stated, when "`the error is of such magnitude that the commission thereof denies the accused a fair and impartial trial.'" People v. Robinson, 167 Ill.2d 53, 67, 212 Ill.Dec. 256, 262, 656 N.E.2d 1090, 1096 (1995), quoting People v. Young, 128 Ill.2d 1, 47, 131 Ill.Dec. 86, 96, 538 N.E.2d 461, 471 (1989). The alleged errors before us fall far short of this standard.
Additionally, our research has disclosed no case in which the supreme court has found plain error in a sentencing context like the one before us. Indeed, other than in Henley and an earlier second district decision Henley cites as support, we know of no other decision of the appellate court finding plain error in the context of waiver under Rule 604(d). The significance of the absence of such authority lies in the fact that Illinois courts of review frequently decide cases in which an argument a defendant wishes to raise on appeal has been waived under Rule 604(d)as in the present casebecause of defendant's failure to include it in a written motion to reconsider sentence. Thus, the circumstances this case presents are not at all uncommon; this case merely presents a somewhat different argument which defendant *1049 wishes to raise on appeal. In our judgment, applying plain error analysis under these circumstances would gut the strict compliance with Rule 604(d) that the supreme court insists upon.
Last, we find support for our holding in Foster, where the supreme court wrote the following: "Where no written motion has been filed with the trial court, the appellate court must dismiss the appeal, leaving the Post-Conviction Hearing Act as a defendant's only recourse." Foster, 171 Ill.2d at 471, 216 Ill.Dec. at 566, 665 N.E.2d at 824.

III. CONCLUSION
For the reasons stated, we deny defendant's petition for rehearing.
McCULLOUGH and GARMAN, JJ., concur.