NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2023 IL App (4th) 220979-U

NO. 4-22-0979

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
September 5, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS,<br>    Plaintiff-Appellee,<br>    v.<br>TERRANCE E. GROVES,<br>    Defendant-Appellant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Appeal from the<br>Circuit Court of<br>McLean County<br>No. 20CF820<br><br>Honorable<br>William A. Yoder,<br>Judge Presiding. |

JUSTICE CAVANAGH delivered the judgment of the court.
Justices Harris and Zenoff concurred in the judgment.

**ORDER**

¶ 1    *Held*: The appellate court dismissed defendant's appeal where he failed to comply with the motion requirements of Illinois Supreme Court Rule 604(d) (eff. July 1, 2017).

¶ 2    In a negotiated plea agreement, defendant, Terrance E. Groves, pleaded guilty to attempted theft by deception (720 ILCS 5/8-4, 16-1(a)(2) (West 2020)). The circuit court of McLean County sentenced him to the agreed-upon sentence of imprisonment for eight years. Defendant appeals.

¶ 3    The Office of the State Appellate Defender (OSAD) has moved for our permission to withdraw from representing defendant in this appeal, because OSAD can raise no reasonable argument in support of this appeal. OSAD has filed a supporting memorandum, which explores potential issues and which explains why each issue is unarguable. We notified defendant that if he

wished, he might respond by a certain date with additional points and authorities. He has not done so.

¶ 4       Because the record appears to lack a motion pursuant to Illinois Supreme Court Rule 604(d) (eff. July 1, 2017), we agree with OSAD that this appeal from a judgment on a guilty plea is unarguable. Therefore, we grant OSAD's motion to withdraw, and we take the only action that case law allows: we dismiss this appeal.

¶ 5                                I. BACKGROUND

¶ 6       The circuit court set bond at 10% of $70,000. Defendant filed two *pro se* notices of appeal from denials of his motions to reduce the bond. Apparently, these notices of appeal were not transmitted to the appellate court (until now, as part of the common-law record in the present appeal).

¶ 7       Afterward, on April 25, 2022, defendant entered a negotiated guilty plea to count VI of the indictment, the count charging him with attempted theft by deception. The State nol-prossed the remaining counts, and the circuit court imposed the sentence to which the parties had agreed: imprisonment for eight years.

¶ 8       On May 18, 2022, while represented, defendant filed another *pro se* notice of appeal, designating the order of April 25, 2022, as one of the orders from which he appealed. Apparently, until now, this notice of appeal was not transmitted to the appellate court.

¶ 9       On May 25, 2022, while still represented, defendant filed an "Emergency Motion to Vacate Judg[]ment."

¶ 10      On June 14, 2022, after admonishing defendant, the circuit court acceded to his wish to represent himself, and the court allowed defense counsel to withdraw.

¶ 11          On September 2, 2022, defendant filed a *pro se* "Motion to Reconsider Sentence/Motion to Reduce Sentence" and a *pro se* "Motion to Withdraw Plea and Vacate Judg[]ment."

¶ 12          At a hearing on October 27, 2022, the circuit court denied the postplea motions. The court then asked defendant if he wished to appeal and if he wished for the appointment of appellate counsel. Defendant answered yes to both inquiries.

¶ 13          On November 3, 2022, the circuit clerk filed, on defendant's behalf, a notice of appeal, which designated the order of October 27, 2022, as the order from which defendant appealed. This notice of appeal is the one that was transmitted to us and which purportedly serves as the basis of the present appeal.

¶ 14                              II. ANALYSIS

¶ 15          In the common-law record before us, we count four notices of appeal. The first three were *pro se*, and the fourth was filed by the circuit clerk on defendant's behalf.

¶ 16          The first two notices of appeal, which defendant filed on July 15, 2021, and January 26, 2022, were appeals from the circuit court's repeated refusal to reduce the bond and to release defendant on his own recognizance. These first two notices of appeal were ineffective and did not confer jurisdiction on the appellate court, because to appeal from an order refusing to modify bail, defendant was required to file a verified motion for review in the appellate court (see Ill. S. Ct. R. 604(c)(2) (eff. July 1, 2017)), not a notice of appeal in the circuit court.

¶ 17          The third notice of appeal, which defendant filed on May 18, 2022, was an appeal from the final judgment of April 25, 2022—that is to say, it was an appeal from the sentence. See *People v. Caballero*, 102 Ill. 2d 23, 51 (1984) (holding that "[t]he final judgment in a criminal case is the sentence" and that, "in the absence of the imposition of a sentence, an appeal cannot be

- 3 -

entertained"). This third notice of appeal was *pro se*, and at the time defendant filed it, he was represented by counsel.

¶ 18        We are aware of case law forbidding a represented defendant from filing *pro se* motions. See, *e.g.*, *People v. James*, 362 Ill. App. 3d 1202, 1205 (2006); *People v. Handy*, 278 Ill. App. 3d 829, 836-37 (1996). However, we are unaware of any case law forbidding the filing of a *pro se* notice of appeal by a represented defendant. A notice of appeal is significantly different from a motion. Whether to file a motion is a strategic decision and, as such, belongs solely to defense counsel, who, because of his or her superior legal ability, is entrusted with exclusive "control over the day-to-day conduct of the defense." (Internal quotation marks omitted.) *James*, 362 Ill. App. 3d at 1206. Even when represented, though, the defendant retains the "fundamental right[ ]" to decide whether to appeal. (Internal quotation marks omitted.) *Id.*; see also *People v. Phillips*, 217 Ill. 2d 270, 281 (2005). Accordingly, Illinois Supreme Court Rule 606(a) (eff. Mar. 12, 2021) provides that "[t]he notice [of appeal] may be signed by the appellant *or* his attorney." (Emphasis added.)

¶ 19        The third notice of appeal, which defendant filed *pro se* on May 18, 2022, was signed by defendant, as Rule 606(a) allowed; the notice was filed within 30 days after the final judgment, as Rule 606(b) required; and it specified the final judgment—the sentencing order of April 25, 2022—as the subject of the appeal (see *People v. Patrick*, 2011 IL 111666, ¶ 21 ( "A notice of appeal confers jurisdiction on the reviewing court to consider only the judgments or pertinent parts specified in the notice.")). Therefore, on May 18, 2022, when defendant filed the third notice of appeal, "the appellate court's jurisdiction attache[d] *instanter*," and the circuit court was "divest[ed] *** of jurisdiction to enter additional orders of substance in the case." (Internal quotation marks omitted.) *People v. Scheurich*, 2019 IL App (4th) 160441, ¶ 17.

- 4 -

¶ 20    To slightly complicate the jurisdictional analysis, Rule 606(b) provides:

"When a timely posttrial or postsentencing motion directed against the judgment has been filed by counsel or by defendant, if not represented by counsel, any notice of appeal filed before the entry of the order disposing of all pending postjudgment motions shall have no effect and shall be stricken by the trial court." Ill. S. Ct. R. 606(b) (eff. Mar. 12, 2021).

To be timely, such a motion would have had to be filed within 30 days after the imposition of the sentence. See Ill. S. Ct. R. 604(d) (eff. July 1, 2017). It is true that, on the thirtieth day after sentencing, on May 25, 2022, defendant filed a motion directed against the judgment, a motion titled "Emergency Motion to Vacate Judg[]ment." The trouble is, this was a *pro se* motion that defendant filed while he still was represented by defense counsel. Under Rule 606(b), the motion directed against the judgment must be filed either (1) "by counsel" or (2) "by defendant, *if not represented by counsel*." (Emphasis added.) Ill. S. Ct. R. 606(b) (Mar. 12, 2021). A defendant represented by counsel lacks authority to file *pro se* motions, and a circuit court is supposed to disregard any *pro se* motion filed by a represented defendant. *Handy*, 278 Ill. App. 3d at 836. It follows that, as an attempt at "some sort of hybrid representation," the "Emergency Motion to Vacate Judg[]ment" is to be "ignored." *Id.* It further follows that the third notice of appeal was effective and that any substantive order the circuit court entered after May 25, 2022, when the third notice of appeal was filed, is void for lack of jurisdiction. See *People v. Mutesha*, 2012 IL App (2d) 110059, ¶ 20. The fourth notice of appeal is an appeal from a void order, the order the circuit court entered on October 27, 2022, denying the *pro se* motions that defendant filed after the third notice of appeal. Consequently, we vacate the circuit court's order of October 27, 2022. See *People*

*v. Anderson*, 2023 IL App (4th) 220357, ¶ 18 ("We have an independent duty to vacate void orders.").

¶ 21　　　　In short, of the four notices of appeal, the only one that confers jurisdiction upon us is the third notice of appeal. And we are obliged to dismiss this third notice of appeal because of the lack of a timely motion pursuant to Rule 604(d). That rule provides as follows:

> "No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to reconsider the sentence, if only the sentence is being challenged, or, if the plea is being challenged, a motion to withdraw the plea of guilty and vacate the judgment.
>
> No appeal shall be taken upon a negotiated plea of guilty challenging the sentence as excessive unless the defendant, within 30 days of the imposition of sentence, files a motion to withdraw the plea of guilty and vacate the judgment." Ill. S. Ct. R. 604(d) (eff. July 1, 2017).

The supreme court has explained:

> "The filing of a Rule 604(d) motion is a condition precedent to an appeal from a judgment on a plea of guilty. [Citation.] The discovery that a defendant has failed to file a timely 604(d) motion in the circuit court does not deprive the appellate court of jurisdiction over a subsequent appeal. [Citation.] As a general rule, however, the failure to file a timely Rule 604(d) motion precludes the appellate court from considering the appeal on the merits. Where a defendant has failed to file a written motion to withdraw his plea of guilty or to reconsider his sentence, the appellate court must dismiss the appeal [citation], leaving the Post-Conviction

Hearing Act as the defendant's only recourse [citation]." *People v. Flowers*, 208 Ill. 2d 291, 300-01 (2003).

¶ 22 Because the "Emergency Motion to Vacate Judg[]ment" did not count, given that it was a *pro se* motion that defendant filed while he was represented, the record appears to lack a Rule 604(d) motion that was filed within the 30-day period after the imposition of the sentence. Consequently, the circuit court lost jurisdiction on May 25, 2022, when the third notice of appeal was filed (see *Scheurich*, 2019 IL App (4th) 160441, ¶ 17), and *Flowers* gives us no alternative but to dismiss this appeal for noncompliance with Rule 604(d) (see *Flowers*, 208 Ill. 2d at 301).

¶ 23 It might be argued, though, that because the "Emergency Motion to Vacate Judg[]ment" criticizes defense counsel, this motion makes a *pro se* claim of ineffective assistance, otherwise known as a *Krankel* claim (see *People v. Krankel*, 102 Ill. 2d 181 (1984)). For *Krankel* claims, case law makes an exception to the rule against hybrid representation. See *People v. Bell*, 2018 IL App (4th) 151016, ¶ 28. This argument would be unavailing because defendant filed the third notice of appeal before he filed his "Emergency Motion to Vacate Judg[]ment" (with its *Krankel* claim). The supreme court has cautioned that, "once a notice of appeal has been filed, the trial court loses jurisdiction of the case and may not entertain a *Krankel* motion raising a *pro se* claim of ineffective assistance of counsel." *Patrick*, 2011 IL 111666, ¶ 39. So, the embedded *Krankel* claim does not save the "Emergency Motion to Vacate Judg[]ment" from being disregarded as an attempt at hybrid representation. There is no cognizable Rule 604(d) motion, and this appeal must be dismissed. See *Flowers*, 208 Ill. 2d at 301; *People v. Linder*, 186 Ill. 2d 67, 74 (1999).

¶ 24 III. CONCLUSION

¶ 25        For the foregoing reasons, we grant OSAD's motion to withdraw, and we dismiss

this appeal.

¶ 26        Appeal dismissed.