THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
ARTHUR J. TAGGART, Defendant-Appellant.

Second District    No. 2—93—1441

Opinion filed November 30, 1994.

G. Joseph Weller, of State Appellate Defender's Office, of Elgin, for
appellant.

James E. Ryan, State's Attorney, of Wheaton (William L. Browers and
Marshall M. Stevens, both of State's Attorneys Appellate Prosecutor's Office,
of counsel), for the People.

JUSTICE GEIGER delivered the opinion of the court:

The defendant, Arthur J. Taggart, was convicted of five counts of
aggravated criminal sexual assault (Ill. Rev. Stat. 1985, ch. 38, par.
12—14 (now codified, as amended, at 720 ILCS 5/12—14 (West 1992))
and was sentenced to concurrent terms of 30 years' imprisonment for
each of four counts and to a consecutive term of 15 years' imprison-
ment for the fifth count. On April 25, 1989, the defendant filed a
timely notice of appeal. While his appeal was pending and within 30
days of the imposition of his sentence, the defendant filed a *pro se*

motion for reduction of sentence. He did not, however, request a hearing on the motion at that time. Subsequently, this court affirmed the defendant's convictions and sentences in *People v. Taggart* (1992), 233 Ill. App. 3d 530. Thereafter, on September 17, 1993, the defendant sent to the circuit court a motion seeking to schedule a hearing on the unresolved motion for reduction of sentence. A hearing was held, and the trial court initially dismissed the motion as untimely, but upon reconsideration, it denied the defendant's motion for reduction of sentence because of the defendant's lack of diligence in requesting a hearing on the motion. The defendant has appealed.

On appeal, the defendant contends that the trial court erred in denying the motion to reduce the defendant's sentence without a hearing on the merits of the motion. We do not agree.

■ Despite the fact that the defendant put the motion to reduce his sentence into the prison mail system within 30 days of the imposition of sentence, he never requested a hearing. Unless a motion is brought to the attention of the court and the court is requested to rule on it, the motion is not effectively made. (*People v. Gambill* (1980), 91 Ill. App. 3d 302, 303.) Merely filing the motion in the office of the clerk does not constitute a sufficient application. (*People v. Stewart* (1952), 412 Ill. 106, 108.) Section 5—8—1(c) of the Unified Code of Corrections (Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—1(c) (now 730 ILCS 5/5—8—1(c) (West 1992))) provides that a motion to reduce a sentence may be made within 30 days after the sentence is imposed. It further provides:

> "If a motion to reduce a sentence is timely filed within 30 days after the sentence is imposed, the proponent of the motion shall exercise due diligence in seeking a determination on the motion and the court shall thereafter decide such motion within a reasonable time." (Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—1(c) (now 730 ILCS 5/5—8—1(c) (West 1992)).)

That same section further states:

> "A motion to reduce a sentence shall not be considered to have been timely filed unless it is filed with the circuit court clerk within 30 days after the sentence is imposed together with a notice of motion, which notice of motion shall set the motion on the court's calendar on a date certain within a reasonable time after the date of filing." (Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—1(c) (now 730 ILCS 5/5—8—1(c) (West 1992)).)

The defendant did not request a hearing on his motion to reduce his sentence until almost $4^1/2$ years after it was filed. Obviously, the motion was not timely made.

■ We reject the defendant's argument that he requested a

hearing in a timely fashion considering that at the time he filed the motion to reduce the sentence he was relying on precedent which established that once a notice of appeal is filed, the trial court is divested of jurisdiction. Thus, the defendant's argument goes, he reasonably assumed it would be useless to act to bring the motion to a hearing. According to defendant, it was only after this court's decision in *People v. Hook* (1993), 248 Ill. App. 3d 16, wherein this court held that filing a motion directed at the sentence after a notice of appeal has been filed can act as an implicit dismissal of the appeal, that defendant realized that he could pursue his motion in the trial court.

The filing of a notice of appeal generally divests the trial court of jurisdiction. (*People v. Elsholtz* (1985), 136 Ill. App. 3d 209, 210.) However, a defendant may petition the trial court to dismiss his appeal pursuant to Supreme Court Rule 309 (134 Ill. 2d R. 309). Supreme Court Rule 309 allows a party to file a motion to dismiss the appeal before the record on appeal is filed in the reviewing court. (134 Ill. 2d R. 309.) If granted, such a motion revests the trial court with jurisdiction to consider a motion to reduce a sentence. (*People v. Theis* (1991), 220 Ill. App. 3d 24, 27.) In *People v. Curry* (1988), 167 Ill. App. 3d 146, 151, we dismissed the defendant's appeal since we found that the trial court had implicitly dismissed the appeal by proceeding on the defendant's motion for a new trial after defense counsel made an oral motion to dismiss the appeal. In *Curry*, the defendant filed a timely motion for a new trial after filing a timely notice of appeal. At a hearing on the motion, the defense attorney specifically indicated that a motion to dismiss the appeal had been made, and the State then agreed that the trial court had jurisdiction. We extended the *Curry* rationale in *Hook*, by holding that the trial court had jurisdiction when it proceeded to determine the defendant's motion to reduce sentence, which had been filed within 30 days of imposition of the sentence but after notice of appeal had been filed, even though no written or oral motion to dismiss had been made under Supreme Court Rule 309 (134 Ill. 2d R. 309). *Hook*, 248 Ill. App. 3d at 18.

The defendant would now have us hold that even where he has not requested a hearing on his motion to reduce his sentence in a timely fashion, as required by section 5—8—1(c) of the Unified Code of Corrections (Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—1(c) (now 730 ILCS 5/5—8—1(c) (West 1992))), his untimely motion would act as an implicit motion to dismiss his notice of appeal. This we refuse to do. Unlike *Curry* and *Hook*, the trial court here was not even made aware of the defendant's motion to reduce his sentence, much less did it implicitly dismiss the appeal by proceeding to a determination of the

merits of the motion. The defendant never filed a timely motion to reduce his sentence, so *Hook* has no application here.

The trial court correctly denied the motion as untimely without determining the merits of the motion because the notice of appeal divested the trial court of jurisdiction and an untimely motion to reduce the defendant's sentence did not revest jurisdiction in the trial court.

For the foregoing reasons, the judgment of the circuit court of Du Page County is affirmed.

Affirmed.

INGLIS, P.J., and McLAREN, J., concur.