*In re* SEAN N., a Person Subject to Administration of Psychotropic Medication (The People of the State of Illinois, Petitioner-Appellee, v. Sean N., Respondent-Appellant).

Fourth District No. 4—08—0658

Opinion filed June 26, 2009.—Rehearing denied July 23, 2009.

Ann Krasuski and Veronique Baker, both of Guardianship & Advocacy Commission, of Hines, for appellant.

John P. Schmidt, State's Attorney, of Springfield (Patrick Delfino, Robert J. Biderman, and David E. Mannchen, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STEIGMANN delivered the opinion of the court:

Following an August 2008 hearing, the trial court found respondent, Sean N., subject to involuntary administration of psychotropic medication (405 ILCS 5/2—107.1 (West 2006)).

Respondent appeals, arguing only that the trial court erred by denying him his statutory right to continue his August 2008 hearing pursuant to section 2—107.1(a—5)(2) of the Mental Health and Developmental Disabilities Code (Code) (405 ILCS 5/2—107.1(a—5)(2) (West 2006)). The State responds that because respondent was represented by counsel at that hearing, he did not have the right to *pro se* request a continuance. We agree with the State and affirm.

## I. BACKGROUND

On August 19, 2008, respondent's psychiatrist at the State's mental health center filed a petition seeking to involuntarily administer treatment to respondent pursuant to section 2—107.1 of the Code (405 ILCS 5/2—107.1 (West 2006)). That same day, the trial

court scheduled an August 22, 2008, hearing and appointed counsel to represent respondent.

At the August 22, 2008, hearing, respondent appeared with his appointed counsel. As the hearing commenced, respondent made the following *pro se* oral motion:

"THE RESPONDENT: I make a continuance motion.

THE COURT: [Respondent's counsel], do you need to talk to your client?

[RESPONDENT'S COUNSEL]: Your Honor, I've talked to my client on Saturday [(August 20, 2008)]. I tried to talk to [him] today before court. He refused to talk to me, and he said he would like to come straight to the courtroom, so that is what I've allowed today.

THE COURT: What is your reason for the continuance, [respondent]?

THE RESPONDENT: I've been locked *** up in the past in facilities and *** in this facility without a phone. I am from California, and I have an ongoing felony case.

Actually, I'm allowed to make a phone call on their phones twice a shift, and that's if it's convenient for them.

THE COURT: The [m]otion for [c]ontinuance is denied. Move on."

Following the presentation of evidence and argument, the trial court found respondent subject to involuntary administration of psychotropic medication.

This appeal followed.

## II. RESPONDENT'S CLAIM THAT HIS *PRO SE* MOTION FOR A CONTINUANCE SHOULD HAVE BEEN GRANTED

Respondent argues that the trial court erred by failing to grant his *pro se* motion for a continuance. The State responds that because respondent was represented by counsel at the August 2008 hearing, he did not have the right to *pro se* request a continuance. Essentially, the State contends that the court properly disregarded respondent's *pro se* motion. We agree with the State.

The issue in this case is whether a respondent in a proceeding to involuntarily administer treatment has the right to *pro se* file a motion for continuance under section 2—107.1(a—5)(2) of the Code (405 ILCS 5/2—107.1(a—5)(2) (West 2006)) while he is simultaneously represented by counsel. This issue is purely a question of law. Accordingly, our review is *de novo*. See *In re A.H.*, 207 Ill. 2d 590, 593, 802 N.E.2d 215, 217 (2003) (reviewing issue *de novo* because appeal presented only questions of law).

In criminal cases, a defendant has the right to represent himself or to have counsel represent him. *People v. James*, 362 Ill. App. 3d

1202, 1205, 841 N.E.2d 1109, 1113 (2006). In other words, "a defendant possesses 'no right to some sort of hybrid representation, whereby he would receive the services of counsel and still be permitted to file *pro se* motions.' " *James*, 362 Ill. App. 3d at 1205, 841 N.E.2d at 1113, quoting *People v. Handy*, 278 Ill. App. 3d 829, 836, 664 N.E.2d 1042, 1046 (1996). Accordingly, "[w]hen a defendant is represented by counsel, he generally has no authority to file *pro se* motions, and the court should not consider them." *People v. Serio*, 357 Ill. App. 3d 806, 815, 830 N.E.2d 749, 757 (2005).

Likewise, we conclude that a respondent is not entitled to hybrid representation in a proceeding to involuntarily administer treatment. A respondent, like a criminal defendant, has the right to choose to represent himself *or* to have counsel represent him.

We find support for our decision in *Vermont v. Brillon*, 556 U.S. ___, ___, 173 L. Ed. 2d 231, 240, 129 S. Ct. 1283, 1290 (2009), where the United States Supreme Court concluded that, as the defendant's agent, counsel had authority to delay proceedings on the defendant's behalf. Here, counsel, as respondent's agent, had authority to bind respondent to the tactics she decided to employ.

In response to respondent's *pro se* motion in this case, the trial court asked counsel if she "need[ed] to talk to [her] client." A better question would have been, "Counsel, are you moving for a continuance?" Notwithstanding the phrasing of the court's inquiry, we conclude that the court was correct to (1) take counsel's response to indicate that she was not moving for a continuance and (2) disregard respondent's *pro se* motion.

In so concluding, we emphasize that we use the term "disregard" advisedly. Because respondent's *pro se* motion for a continuance was not properly before the trial court, there was nothing for the court to "deny." Thus, the court's proper action was simply to "disregard" respondent's *pro se* motion. To "deny" respondent's *pro se* motion would have accorded it a status to which it was not entitled.

Respondent's counsel alone had authority to move for a continuance. Her decision not to do so was binding on respondent. Accordingly, his claim that the trial court erred by rejecting his *pro se* motion is completely without merit.

## III. CONCLUSION

For the reasons stated, we affirm the trial court's judgment.

Affirmed.

KNECHT and APPLETON, JJ., concur.