# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Stevenson*, 2011 IL App (1st) 093413

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RICKEY STEVENSON, Defendant-Appellant. |
| District & No. | First District, Sixth Division<br>Docket No. 1-09-3413 |
| Filed | November 4, 2011 |
| Rehearing denied | December 1, 2011 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Defendant's appeal from his burglary conviction was dismissed for lack of jurisdiction where the "tortuous procedural history" showed that the appeal arose from the fourth notice of appeal filed in the case, the notice of appeal was filed following the dismissal of defendant's *pro se* postsentencing motion, although the fourth notice of appeal was filed within 30 days of the order denying the *pro se* motion to reconsider defendant's sentence, the order was void because defendant was represented by counsel and defendant had no right to file a *pro se* postsentencing motion, the motion was a nullity, the trial court had no jurisdiction to consider it, the order denying the motion did not prolong the time defendant had to file a notice of appeal, the motion was filed more than a year after the first notice of appeal had vested jurisdiction in the appellate court, and the State's participation in the proceedings on the motion without objection did not revest the trial court with jurisdiction. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 07-CR-20079; the Hon. James M. Obbish, Judge, presiding. |
| Judgment | Order vacated and appeal dismissed. |

Counsel on
Appeal

Michael J. Pelletier, Alan D. Goldberg, Lindsey J. Anderson, and Rebecca I. Levy, all of State Appellate Defender's Office, of Chicago, for appellant.

Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg, Michelle Katz, Kathleen Warnick, and Adam W. Delderfield, Assistant State's Attorneys, of counsel), for the People.

Panel

JUSTICE LAMPKIN delivered the judgment of the court, with opinion.

Presiding Justice R. Gordon and Justice Garcia concurred in the judgment and opinion.

# OPINION

¶ 1    After a bench trial, defendant Rickey Stevenson was convicted of burglary and sentenced to eight years in prison. On appeal, he contends that: (1) he was denied a fair trial when the trial court denied an agreed motion for a continuance; (2) the trial court failed to conduct an adequate inquiry into his posttrial *pro se* motion alleging ineffective assistance of counsel; and (3) the trial court failed to comply with waiver of counsel rules before the hearing commenced on defendant's *pro se* successive postsentencing motion.

¶ 2    The State argues that this court lacks jurisdiction to consider this appeal.

¶ 3    We hold that defendant's *pro se* posttrial motion to reconsider sentence did not toll the time for filing his notice of appeal, so we dismiss his untimely appeal for lack of jurisdiction.

¶ 4                    I. BACKGROUND

¶ 5    Apparently four notices of appeal have been filed concerning defendant's direct appeal of his burglary conviction in No. 07 CR 20079. Pursuant to appellate defense counsel's motion, the initial direct appeal before this court, No. 1-08-1543, was dismissed following the confusion that resulted after defendant had filed *pro se* documents with the circuit court. This appeal, No. 1-09-3413, arises from the fourth notice of appeal, which was filed on December 7, 2009, following the circuit court's dismissal of defendant's *pro se* postsentencing motion. The first issue we must address is whether we have jurisdiction to consider this appeal. Accordingly, a summary of the tortuous procedural history of No. 07 CR 20079 follows.

¶ 6    Defendant was arrested and charged with burglary and criminal damage to property where he allegedly entered a commercial building with the intent to commit a theft and damaged some windows on September 12, 2007.

¶ 7    At the February 28, 2008 bench trial, the State's evidence established that two Chicago

police officers arrived at the scene during the early morning hours in response to a burglar alarm at a closed commercial building. The officers looked in the windows and saw defendant inside the building looking through a desk. When defendant saw the officers, he fled through a broken window with jumper cables in his hand. The officers pursued defendant, who discarded the cables. The officers apprehended him, searched him and recovered keys, a flashlight and a credit card. The owner of the business property arrived at the scene, identified items recovered from defendant as her property, and stated that she neither recognized defendant nor gave him permission to enter the building or take her property. An inspection of the building revealed that the alarm system was disabled and torn from the walls, a few windows were broken or removed, and a cabinet was pried open. The owner stated that when she left the premises the day before, the alarm and windows were intact.

¶ 8        Defendant testified that he did not burglarize the building. According to defendant, he was walking from his aunt's house to a bus stop when the police stopped and arrested him.

¶ 9        The trial court found defendant guilty of burglary.

¶ 10        On March 19, 2008, defense counsel filed a motion for a new trial and also tendered to the court defendant's *pro se* motion alleging, *inter alia*, ineffective assistance of trial counsel. The trial court explained to defendant that he was still represented by his trial counsel and the matter would be continued so trial counsel could review defendant's allegations of ineffective assistance.

¶ 11        On April 22, 2008, the trial court inquired into the factual basis of defendant's allegations that he was not effectively represented by trial counsel. Defendant complained that trial counsel failed to subpoena documents that would have supported defendant's claim that the arresting police officers testified falsely against him in order to cover up their use of excessive force at the police station after his arrest. The trial court noted that the arresting police officers did not transport defendant to the police station and there was no evidence in this case of any postarrest confession or admission by defendant. Then, trial counsel briefly responded to defendant's allegations of ineffective assistance. The trial court noted defense counsel's effective representation of defendant throughout the trial and denied defendant's *pro se* motion.

¶ 12        Immediately thereafter, the trial court addressed defense counsel's motion for a new trial. When defendant attempted to interrupt, the trial court informed him that the consideration of his *pro se* motion was done. After defense counsel argued that the arresting officers' testimony was impeached, the trial court denied defense counsel's motion for a new trial. Defendant again interrupted, objected to defense counsel's continued representation, and complained about a conflict of interest and irreconcilable differences. The trial court again informed defendant that his motion to appoint new counsel was denied.

¶ 13        Next, the trial court also heard argument concerning sentencing. The trial court determined that defendant's prior convictions mandated sentencing him as a Class X offender and sentenced him to an eight-year prison term. The trial court informed defendant of the right to appeal and the necessity of preserving that right by filing a notice of appeal in 30 days. Moreover, if he wanted to appeal his sentence, a written motion to reconsider the

sentence must be filed within 30 days. After any motion to reconsider was ruled upon, defendant would have 30 days to file a notice of appeal. Defendant's mittimus was issued.

¶ 14        On May 16, 2008, defense counsel filed a motion to reconsider sentence, alleging that the sentence was excessive, the court improperly considered in aggravation matters that were implicit in the offense, the State failed to prove defendant's eligibility for any enhanced penalty or extended term, and the sentence improperly penalized defendant for exercising his right to trial. When the hearing on this motion was held on May 22, 2008, defendant, who was in prison, was not present. The trial court denied the motion, and defense counsel filed a notice of appeal that day. Furthermore, the trial judge said the "case will be off call" and appellate counsel would be appointed to represent defendant.

¶ 15        Also on May 22, 2008, defendant placed in the prison mail system a *pro se* motion to reconsider his sentence and a *pro se* notice of appeal. The motion alleged that the trial court's sentence was an abuse of discretion because the State failed to present sufficient evidence to establish defendant's eligibility for an enhanced sentence. Specifically, defendant alleged the State failed to prove he was the same person as the alias listed on the certified statements of his prior convictions. He also alleged the State failed to prove the exact dates he allegedly committed the prior offenses. Defendant filed the motion without a notice of motion setting a hearing date. Instead, the motion and notice of appeal were accompanied by a form certificate of service.

¶ 16        The circuit court clerk's office received both *pro se* documents on May 28, 2008. The *pro se* notice of appeal was filed with the criminal division of the circuit court on June 2, 2008; however, the *pro se* motion to reconsider sentence was not filed with the criminal division and was never listed on the circuit court's half sheet.

¶ 17        On June 6, 2008, the circuit court clerk sent copies of the *pro se* notice of appeal to the State and the appellate court clerk, and the presiding judge of the circuit court appointed the office of the State Appellate Defender to represent defendant on appeal. On June 11, 2008, No. 1-08-1543 was assigned to the appeal. On June 20, 2008, defendant filed a *pro se* motion to file a late notice of appeal, which this court granted on July 2, 2008. A certificate in lieu of record was filed on March 12, 2009.

¶ 18        Meanwhile, on October 26, 2008, defendant placed in the prison mail system a *pro se* complaint at law or, in the alternative, motion for a supervisory order. In that document, he complained that the circuit court clerk, based on the "pretext" that defendant was represented by appellate counsel, ignored defendant's requests for documents that were necessary for his appeal. On November 24, 2008, the circuit court denied defendant's motion for a complaint at law or supervisory order.

¶ 19        On June 24, 2009, defendant's appellate counsel filed a motion in the circuit court to place defendant's May 2008 *pro se* motion to reconsider sentence on call for a proper disposition. Appellate counsel argued that: the *pro se* motion was timely filed within 30 days of sentencing but the circuit court failed to process that motion; the timely filing of that motion voided the notice of appeal in No. 1-08-1543; and defendant could not perfect his appeal by filing a new notice of appeal until his *pro se* motion was ruled upon.

¶ 20        The circuit court took the motion off call on June 30, 2009; however, after appellate

counsel renewed the motion, defendant's *pro se* motion to reconsider sentence was placed back on call.

¶ 21    On October 16, 2009, the circuit court had defendant writ into the courtroom for a status hearing concerning his *pro se* motion to reconsider sentence. Defendant appeared without counsel. The State requested time to order a transcript of the April 2008 sentencing hearing. When scheduling the hearing date, the circuit court asked defendant if he was coming back for cases in another courtroom. Defendant responded that he was not returning because he had pled guilty on those cases and received concurrent eight-year sentences. The circuit court then scheduled the hearing on the *pro se* motion for November 20, 2009.

¶ 22    On that date, defendant appeared without counsel. First, he attempted to file an additional motion for a new trial, but the circuit court informed him that it lacked jurisdiction to consider such a motion. Defendant complained that he should have the right to file any posttrial motion he wished to file. Concerning his *pro se* motion to reconsider sentence, he argued that the State failed to meet its burden to prove that he was eligible for sentencing as a Class X offender where the State "just read something into the record." The State responded that it properly relied on certified statements of defendant's convictions to establish that he had at least two prior Class 2 or greater felony convictions, all for burglary, within the requisite time period and, thus, was subject to mandatory sentencing as a Class X offender for his burglary conviction in No. 07 CR 20079. The trial court denied defendant's *pro se* motion.

¶ 23    Appellate counsel filed a notice of appeal on December 7, 2009, and this case was assigned No. 1-09-3413. The office of the State Appellate Defender was appointed to represent defendant on December 11, 2009. On December 23, 2009, appellate counsel moved to dismiss the appeal in No. 1-08-1543, stating that it was filed prematurely. This court allowed that motion on January 8, 2010, and the mandate issued on March 4, 2010.

¶ 24                                              II. ANALYSIS

¶ 25                                              A. Jurisdiction

¶ 26    The State argues that this court lacks jurisdiction to consider this appeal because the December 7, 2009 notice of appeal, although timely filed within 30 days from the November 20, 2009 order of the circuit court denying defendant's *pro se* motion to reconsider sentence, stems from a void order. The State asserts the November 2009 circuit court order was void because it was issued more than one year after the May 22, 2008 notice of appeal had vested jurisdiction in this appellate court.

¶ 27    The State acknowledges that when a timely postsentencing motion is filed, any previously filed notice of appeal has no effect and the circuit court retains jurisdiction to rule on the postsentencing motion. The State argues, however, that the May 22, 2008 notice of appeal remained valid in this matter despite the fact that defendant's *pro se* postsentencing motion was filed on May 22, 2008, which was within 30 days of his sentencing. Citing the plain language of Illinois Supreme Court Rule 606(b) (eff. Mar. 20, 2009), the State asserts that defendant had no right to file a *pro se* postsentencing motion because he was represented by counsel. The State concludes that, because the *pro se* postsentencing motion was a nullity,

the circuit court had no jurisdiction to consider it and, thus, the circuit court's November 2009 order denying the *pro se* motion was void and did not prolong the time defendant had to file a notice of appeal as allowed by Rule 606(b).

¶ 28   Defendant responds that his *pro se* postsentencing motion was properly before the circuit court because he was not represented by counsel when he filed it on May 22, 2008, which was on the same day as trial counsel's last act of representation on record and before the appointment of appellate counsel on June 6, 2008. Defendant adds that the circuit court had discretion to allow him hybrid representation. He also maintains that he did not abandon his *pro se* motion by failing to obtain a ruling on his motion until appellate counsel intervened. In the alternative, defendant argues jurisdiction revested in the circuit court because the State participated in the 2009 hearing on the *pro se* motion without any objection to the circuit court's jurisdiction.

¶ 29   This court's jurisdiction to hear an appeal from a criminal trial is governed by Rule 606, and failure to comply with that rule leaves this court with no jurisdiction. *People v. Baskin*, 213 Ill. App. 3d 477, 485-86 (1991). In a criminal case, under Rule 606(b), the notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from or, if a motion directed against the judgment is timely filed, within 30 days after the entry of the order disposing of the motion. "When a timely posttrial motion or postsentencing motion directed against the judgment has been filed by counsel or by defendant, if not represented by counsel, any notice of appeal filed before the entry of the order disposing of all pending postjudgment motions shall have no effect and shall be stricken by the trial court," and a "new notice of appeal must be filed within 30 days following the entry of the order disposing of all timely postjudgment motions." Ill. S. Ct. R. 606(b) (eff. Mar. 20, 2009). We apply a *de novo* standard of review to questions concerning the application of supreme court rules. *People v. Stewart*, 365 Ill. App. 3d 744, 751 (2006).

¶ 30   With the exception of posttrial motions alleging ineffective assistance of trial counsel, defendants represented by counsel generally have no authority to file *pro se* motions, and the court should not consider such motions. *People v. Patrick*, 406 Ill. App. 3d 548 (2010), *appeal allowed*, No. 111666 (Ill. Mar. 30, 2011); *People v. Serio*, 357 Ill. App. 3d 806, 815 (2005); *People v. Rucker*, 346 Ill. App. 3d 873, 882 (2003); *People v. Woods*, 292 Ill. App. 3d 172, 178-79 (1997); *People v. Handy*, 278 Ill. App. 3d 829, 836 (1996). A defendant has the right to proceed either *pro se* or through counsel; he has no right to some sort of hybrid representation whereby he would receive the services of counsel and still be permitted to file *pro se* motions. *Handy*, 278 Ill. App. 3d at 836; see also *In re Sean N.*, 391 Ill. App. 3d 1104, 1106 (2009) (holding that a respondent in a proceeding for involuntary administration of treatment was not entitled to hybrid representation).

¶ 31   A trial court has no responsibility to entertain a defendant's *pro se* motions during the time he is represented by competent counsel, and a represented defendant "must not be permitted to proceed unfettered, to file a stream of *pro se* motions." *People v. Pondexter*, 214 Ill. App. 3d 79, 87-88 (1991). The rights of self-representation and assistance of counsel cannot be exercised at the same time. *Id*. at 87. Once a defendant elects his right to counsel, the roles of attorney and client are defined, and defense counsel is responsible for strategic matters and has control over the day-to-day conduct of the defense. *Id*.; see also *People v.*

*Burnett*, 237 Ill. 2d 381, 388 (2010) (certain trial decisions ultimately belong to a criminal defendant, but whether to argue a postsentencing motion is not among them).

¶ 32	Here, the facts refute any assumption that the trial court had exercised its discretion to permit hybrid representation during the posttrial proceedings. According to the record, defendant never made a clear statement to the trial court that he wanted to abandon his right to court-appointed trial counsel and proceed *pro se.* Moreover, after the denial of defendant's *pro se* posttrial ineffective assistance of counsel motion, the trial court informed defendant numerous times that he was represented by counsel and could not file or argue any further *pro se* posttrial matters.

¶ 33	Neither the State nor the defense cites any authority to support their competing assertions concerning whether defendant was represented by counsel when he filed his *pro se* motion to reconsider sentence on May 22, 2008. According to the record, defendant's trial counsel had already filed, argued and lost a motion for a new trial before defendant was sentenced on April 22, 2008. Then, trial counsel filed a motion to reconsider sentence on May 16, 2008. On May 22, 2008, he argued and lost the motion to reconsider, and–according to the transcript–filed a notice of appeal and asked that appellate counsel be appointed. At that time, the trial judge stated that the case was taken off call and appellate counsel would be appointed.

¶ 34	Although the presiding judge of the circuit court did not officially appoint appellate counsel to represent defendant until June 6, 2008, there is no indication in the record that trial counsel requested leave to withdraw his representation in defendant's case. Moreover, we have no way of knowing whether counsel's last act on record on May 22, 2008, occurred before or after defendant placed his *pro se* motion to reconsider sentence in the prison mail system on the same day. Nevertheless, defendant seems to imply on appeal that trial counsel must have deemed his functioning to have ceased on May 22, 2008, where he had filed a notice of appeal and asked the court to appoint appellate counsel, and no further plausible motions remained to be filed or argued in the circuit court. Although our research has not uncovered any case directly on point, we do not believe under the circumstances here that defendant was bereft of appointed counsel from May 22 until June 6, 2008, when appellate counsel was officially appointed.

¶ 35	The resolution of the jurisdiction issue, however, is not dependent upon whether defendant was represented by counsel when he placed his *pro se* motion to reconsider sentence in the prison mail. Another relevant factor is the effect of the filing of a repetitious and successive postsentencing motion on tolling the time to file the notice of appeal. The plain language of "Rule 606(b) contemplates the filing of only one postjudgment motion directed against the final judgment–whether it be the conviction or the sentence or both." *People v. Miraglia*, 323 Ill. App. 3d 199, 205 (2001). Rule 606(b) does not authorize the filing of successive and repetitious motions that raise issues that were or could have been raised earlier and thereby extend the time for appeal. *Id*.

¶ 36	If we accept defendant's contention that he was *pro se* when he filed his motion to reconsider, then defendant must concede that the trial court had already ruled on the issue of whether the State had failed to prove defendant's eligibility for Class X offender sentencing,

because that issue was raised in trial counsel's prior motion to reconsider. Accordingly, even though defendant's May 22, 2008 *pro se* motion was filed within 30 days of his sentencing on April 22, 2008, the motion raised the same issue already raised and argued by trial counsel and ruled on by the trial court.

¶ 37 A "trial court should decide a motion to reconsider before a case is appealed because otherwise the reviewing court is forced to resolve the appeal without the trial court first having been allowed to correct any trial errors." *People v. Clark*, 314 Ill. App. 3d 181, 185 (2000). However, requiring the trial court to adjudicate the same issue again offends the rationale for the rule against successive and repetitious postjudgment motions. Litigants should not be allowed to return to the trial court in hopes of a change of heart, and successive and repetitious postjudgment motions promote judicial inefficiency and harassment, unnecessarily prolong the life of a legal proceeding, and create uncertainty regarding the proper date for filing a valid notice of appeal. See *Miraglia*, 323 Ill. App. 3d at 205 (discussing *Sears v. Sears*, 85 Ill. 2d 253, 258-59 (1981), and the rationale against successive and repetitious postjudgment motions). Because the trial court had already denied trial counsel's motion to reconsider sentence, defendant's *pro se* motion to reconsider sentence, although filed within 30 days after sentencing, was a repetitious and successive postsentencing motion and, thus, not filed in accordance with Rule 606(b).

¶ 38 Even assuming, *arguendo*, that a trial court could be required to rule on an already adjudicated issue raised in a second repetitious postsentencing motion that is nevertheless filed within 30 days after the entry of the final judgment, defendant's *pro se* motion still was not properly filed in accordance with Rule 606(b). Although defendant filed his motion to reconsider sentence within the requisite time period, the motion was not considered timely filed because he failed to accompany the motion with a notice, and thereby failed to bring his motion to the attention of the trial court within a reasonable time. When defendant filed his *pro se* motion, section 5-8-1(c) of the Unified Code of Corrections (Code) (730 ILCS 5/5-8-1(c) (West 2008)) was in effect. That section required the proponent of a motion to reduce sentence to "exercise due diligence in seeking a determination on the motion" and the motion was not considered timely filed unless it was filed "together with a notice of motion, which notice of motion shall set the motion on the court's calendar on a date certain within a reasonable time after the date of filing."[1] 730 ILCS 5/5-8-1(c) (West 2008). Unless the motion was brought to the attention of the court and the court was requested to rule on it, the motion was not effectively made. Because section 5-8-1(c) set a notice requirement before a postsentencing motion would be deemed timely, the mere filing of a postsentencing motion did not automatically trigger the tolling provisions of Rule 606(b). *People v. Jennings*, 279 Ill. App. 3d 406, 413 (1996); *People v. Taggart*, 268 Ill. App. 3d 84, 85 (1994). See also *People v. Willoughby*, 362 Ill. App. 3d 480, 484 n.1 (2005) (recognizing that, unlike other types of posttrial motions, the failure to schedule a hearing on a postsentencing motion can

---

[1]Similar to section 5-8-1(c) of the Code, section 5-4.5-50(d) of the Code, which became effective July 1, 2009, and contains the current provisions concerning the filing of a motion to reduce a sentence, states that a "notice of motion must be filed with the motion [to reduce a sentence]." 730 ILCS 5/5-4.5-50(d) (West 2010).

mean that the motion is untimely and not properly before the court).

¶ 39　　Nothing in the record indicates defendant complied with the requirements of section 5-8-1(c) of the Code or that the court was aware of his *pro se* motion. A *pro se* defendant must comply with the rules of procedure required of those represented by counsel, and a court should not apply more lenient standards to a *pro se* defendant. *Jennings*, 279 Ill. App. 3d at 413; *People v. DeRossett*, 237 Ill. App. 3d 315, 339 (1992). Defendant did not exercise due diligence to bring his motion to reconsider sentence to the attention of the trial court, and the trial court was not obligated to consider a motion of which it was unaware.

¶ 40　　Because defendant's *pro se* motion to reconsider sentence was not filed with a notice of motion, the *pro se* motion was not timely and, thus, did not invalidate the May 22, 2008 notice of appeal. Consequently, the trial court was without authority to consider the *pro se* motion at the November 2009 hearing. Moreover, because the *pro se* motion did not strike the May 22, 2008 notice of appeal, this court had jurisdiction over this cause under No. 1-08-1543. However, this court dismissed that case on January 8, 2010, upon motion by defendant's appellate counsel, and that case cannot be reinstated by this court. See *People v. Lyles*, 217 Ill. 2d 210, 216-17 (2005) (the power to reinstate an appeal lies in the supreme court); *Baskin*, 213 Ill. App. 3d at 487 (reinstatement must be effected by our supreme court pursuant to its supervisory powers, notwithstanding the holding in *People v. Moore*, 133 Ill. 2d 331, 339-40 (1990), that a dismissed appeal should be reinstated if the defendant properly invoked appellate jurisdiction but his appeal was dismissed, through no fault of his own, for appellate counsel's failure to comply with appellate rules).

¶ 41　　　　　　　　　　　　　　B. Revestment

¶ 42　　In the alternative, defendant argues that, even if the trial court did not have jurisdiction to rule on his *pro se* postsentencing motion, the trial court was revested with jurisdiction because the State participated in the proceedings on the motion without objecting to the court's jurisdiction. We do not agree. The narrow doctrine of revestment does not apply here because (1) the parties could not divest the appellate court of jurisdiction after the certificate in lieu of record was filed, and (2) the State's conduct was not inconsistent with the merits of the final judgment.

¶ 43　　Litigants may revest a court that has general jurisdiction over the matter with both personal and subject matter jurisdiction over the particular cause after it has been lost if they actively participate without objection in further proceedings that are inconsistent with the merits of the prior judgment. *People v. Minniti*, 373 Ill. App. 3d 55, 65 (2007). However, after a notice of appeal is filed with a reviewing court, appellate jurisdiction attaches *instanter*; the lower court loses jurisdiction and any actions taken by it when it has no jurisdiction are null and void. *People v. Henry*, 329 Ill. App. 3d 397, 402 (2001). Even the trial court's jurisdiction to dismiss an appeal is retained only until the record on appeal is filed in the reviewing court. *Id*. "Lack of subject matter jurisdiction cannot be waived, nor may a party be deemed estopped to raise the issue." *Id*. at 403. "The parties cannot, by agreement, acquiescence, or otherwise, revest jurisdiction in the trial court when jurisdiction lies in the appellate court." *Id*.

¶ 44    Relying on *Minniti*, 373 Ill. App. 3d 55, and *People v. Gargani*, 371 Ill. App. 3d 729 (2007), defendant argues that the parties here revested the trial court with jurisdiction over the untimely *pro se* motion to reconsider because the parties actively participated without objection in the November 2009 hearing on the motion long after the notice of appeal had been filed. We note, however, that in *Minniti* and *Gargani*, the parties had failed to file posttrial motions within the 30-day period following the final judgments and sought review of the trial court's previous orders *while they were still in the trial court and before any notice of appeal had been filed*. *Minniti*, 373 Ill. App. 3d at 64; *Gargani*, 371 Ill. App. 3d at 730-31.

¶ 45    *Minniti* and *Gargani* presented different circumstances from those presented here. Whereas *Minniti* and *Gargani* involved merely revesting the trial court with jurisdiction that it had lost, the instant case involved an attempt to divest this appellate court of jurisdiction that it had obtained in No. 1-08-1543. Here, the trial court had not only lost jurisdiction over No. 07 CR 20079 upon the filing of the valid notice of appeal, but jurisdiction over the cause had attached *instanter* in the appellate court. Moreover, the filing of the certificate in lieu of record prevented the trial court from implicitly dismissing the appeal by ruling on the *pro se* postsentencing motion. See Ill. S. Ct. R. 309 (eff. Feb. 1, 1981); R. 325 (eff. May 30, 2008). See also *Taggart*, 268 Ill. App. 3d at 86-87. The parties could not divest this court of jurisdiction over appeal No. 1-08-1543 by participating in proceedings in the trial court that could have affected or modified the judgment appealed from or interfered with appellate review of that judgment. See *Henry*, 329 Ill. App. 3d at 403.

¶ 46    Defendant also cites *People v. Bannister*, 236 Ill. 2d 1 (2009), to support the proposition that the revestment doctrine is not so narrow that it only applies to situations where the trial court has lost jurisdiction due to the untimely filing of a postjudgment motion. Defendant's reliance on *Bannister*, however, is misplaced because that case is distinguishable. After defendant Bannister was convicted of two murders and sentenced to natural life imprisonment, he sought postconviction relief, alleging actual innocence based on the recanted testimony of the only witness who had testified against him. *Id*. at 5. Bannister's postconviction petition was granted, his convictions were vacated, and a new trial was ordered. *Id*.

¶ 47    At the retrial, the State presented the testimony of Bannister's accomplice and codefendant from the first trial. The codefendant, who had also been convicted of the two murders and sentenced to life imprisonment, agreed to testify pursuant to a plea agreement. *Id*. That agreement provided that: the codefendant would withdraw all appeals and postconviction petitions in his case and waive any future appeals and petitions; the parties would move to vacate his life sentence and place his case back on the trial call; the codefendant would plead guilty to first degree murder of one victim and the State would nol-pros the murder counts involving the second victim; and the State would recommend a 60-year prison term. *Id*. at 6-7.

¶ 48    Bannister was convicted again and argued on appeal that the State lacked the authority to enter into a plea agreement with the codefendant. *Id*. at 9. The court rejected Bannister's argument, noting that under the revestment doctrine, "litigants may revest a trial court with personal and subject matter jurisdiction, after the 30-day period following final judgment,

if they actively participate in proceedings that are inconsistent with the merits of the prior judgment." *Id*. at 10.

¶ 49 Here, the State's participation in the November 2009 proceeding was not inconsistent with the merits of the final judgment. Although the State did not object to jurisdiction during the November 2009 proceeding, the State did not oppose the merits of the April 2008 sentencing order. Nor did the State ignore the judgment and thereby imply by its conduct its consent to have the judgment set aside. See *Sears*, 85 Ill. 2d at 260. On the contrary, the November 2009 hearing was about whether the sentence imposed was an abuse of discretion, and the State insisted that it was not because defendant was properly sentenced as a Class X offender. Under these circumstances, the circuit court was not revested with jurisdiction over this cause.

¶ 50                                     III. CONCLUSION

¶ 51 For the foregoing reasons, we conclude that the circuit court's November 20, 2009 order is void for lack of jurisdiction. Accordingly, we vacate the circuit court's order entered on November 20, 2009, and dismiss this appeal for lack of jurisdiction.

¶ 52 Order vacated and appeal dismissed.