2022 IL App (1st) 181358-U

No. 1-18-1358

Order filed May 17, 2022

Second Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 17 CR 7084 |
| | ) | |
| PATRICIA TILLMAN, | ) | Honorable |
| | ) | Angela M. Petrone, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE COBBS delivered the judgment of the court.
Justices Howse and Lavin concurred in the judgment.

**ORDER**

¶ 1    *Held*: The trial court did not err in failing to inquire into defendant's *pro se* posttrial claim of ineffective assistance of counsel, which she raised in a *pro se* successive postjudgment motion that was impermissible under Illinois Supreme Court Rule 606(b) (eff. July 1, 2017). Where defendant's two convictions for aggravated battery violated the one-act, one-crime doctrine, we remand for the trial court to vacate the conviction for the less-serious offense.

¶ 2    Following a jury trial, defendant Patricia Tillman was convicted of aggravated battery on

a public way (720 ILCS 5/12-3.05(c) (West 2016)) and aggravated battery of a public official (720

ILCS 5/12-3.05(d)(6) (West 2016)) and sentenced to concurrent prison terms of 30 months. On appeal, defendant argues that the trial court failed to inquire into her *pro se* posttrial claims of ineffective assistance of counsel and erroneously convicted her of two counts of aggravated battery predicated on the same act. We affirm in part and remand.

¶ 3 Defendant was charged by information with two counts of aggravated battery and one count of unlawful restraint arising from an incident on May 2, 2017, involving the victim Sherita Owens. The State proceeded on the aggravated battery counts, which alleged that defendant beat Owens "about the head and body" on a public way (count I) and knew her to be an employee of the City of Chicago performing her official duties (count II). Defendant was represented by an assistant public defender.

¶ 4 At trial, the State's evidence established that on May 2, 2017, Owens, an employee of the Department of Finance of the City of Chicago, observed defendant's vehicle parked unlawfully in a bus lane and issued a citation. Defendant "snatched" the ticket from Owens's hand, punched her face, and grabbed her hair. Owens sustained injuries to her face and finger. Defendant testified that she did not park illegally and that Owens attacked her.

¶ 5 The jury found defendant guilty on both counts of aggravated battery. Trial counsel filed a motion for new trial, which was file-stamped on April 11, 2018. Defendant submitted a *pro se* motion "to release the Public Defender," which is not included in the record on appeal.

¶ 6 During proceedings on May 3, 2018, defendant informed the court she wished to withdraw her *pro se* motion and counsel's motion for new trial, to proceed directly to sentencing, and to be represented by her public defender during sentencing. After confirming with defendant and her counsel that this was her wish, the court allowed her to withdraw her motion and counsel to

withdraw the motion for a new trial. Following a sentencing hearing, the court imposed concurrent terms of 30 months' imprisonment. During its recitation of the evidence presented at trial and sentencing and of defendant's conduct throughout the proceedings, the court commented:

"Then [defendant] filed this complaint for dismissal of [trial counsel], which has now been withdrawn, so I don't think I need then to conduct any type of a Krankel hearing, *** but I will sum up by saying it is loaded with accusations against her attorney that during my personal observations I deem to be entirely untrue and unfounded."

¶ 7 The court denied trial counsel's motion to reconsider sentence. Trial counsel then sought leave of court to file a notice of appeal from defendant's sentence. The court stated, "[n]otice of appeal is filed." It granted trial counsel leave to withdraw and announced that it appointed the Office of the State Appellate Defender (OSAD).

¶ 8 The copy of the May 3, 2018, notice of appeal in the record is signed by trial counsel and the court, but is not file-stamped. However, a May 3, 2018, entry on the docket list in the record states "NOTICE OF APPEAL FILED, TRNSFR"; likewise, the half-sheet entry for that day reads "NOA filed" and "SAD appointed."[1]

¶ 9 On May 15, 2018, defendant filed a *pro se* "Motion for Reconsideration of Sentencing and Dismiss Case and [R]eturn [F]ull Bond Security." Defendant argued, in relevant part, that she "had to withdraw" her motion for ineffective assistance, but "will be refiling" because trial counsel and

---

[1] This court's records do not reflect receipt of the May 3, 2018, notice of appeal. Additionally, the record contains neither a certification from the clerk of the circuit court that notices of the notice of appeal were sent to the State or the clerk of the appellate court, nor indicia that the Office of the State Appellate Defender filed an appearance in connection with its appointment on May 3, 2018.

the trial judge "had some intimidating and threatening things going on to prevent me from representing myself and being heard for [i]neffective counsel and *** [j]udge errors."

¶ 10     Regarding the ineffectiveness claims, defendant posited that trial counsel failed to present footage of the incident or a 911 call, did not move to suppress identification testimony and unspecified statements, did not seek to dismiss the case due to the destruction of evidence, and refused to present "all reasons for reconsideration of sentence." As for trial court error, defendant alleged, *inter alia*, that the judge rejected defendant's motions to proceed *pro se* and for substitution of judge, barred defendant from arguing self-defense, told the jury that defendant "is a liar," and, during the sentencing hearing, accused defendant of being "disruptive" and disregarded that defendant had custody of her grandchildren.

¶ 11     Defendant attached as exhibits, in relevant part, a *pro se* motion requesting the public defender be dismissed for ineffective assistance and a motion requesting leave to proceed *pro se*. The former motion alleged that trial counsel was noncommunicative, provided advice that resulted in defendant being held in contempt of court and losing the opportunity to be sentenced to probation, and, without defendant's permission, requested a conference pursuant to Illinois Supreme Court Rule 402(d) (eff. July 1, 2012). The latter motion reiterated some of these claims and requested that defendant be resentenced to probation.

¶ 12     Although defendant attached the two preceding motions as exhibits to her *pro se* "Motion for Reconsideration of Sentencing and Dismiss Case and [R]eturn [F]ull Bond Security," the motion exhibits themselves were signed and notarized on April 25, 2018, and file-stamped May 15, 2018. The docket list in the record reflects that a "MOTION TO REDUCE SENTENCE" and other unspecified motions were filed on May 15, 2018. The record, however, does not show that

the trial court ruled upon the "Motion for Reconsideration of Sentencing and Dismiss Case and [R]eturn [F]ull Bond Security" or the motions attached as exhibits.

¶ 13    On May 21, 2018, defendant mailed a *pro se* notice of appeal from the May 3, 2018, judgment, which the circuit court file-stamped on May 31, 2018. A half-sheet entry and typewritten order, both dated June 8, 2018, state that OSAD was appointed. The record also contains a June 13, 2018, certification from the clerk of the circuit court that notices of the notice of appeal were sent to the State and the clerk of the appellate court. On June 27, 2018, the notice of appeal was received in this court and assigned appeal number 1-18-1358, the appeal at bar.

¶ 14    On July 11, 2018, in this court, OSAD filed a motion for an extension of time to file the record on appeal that asserted, in relevant part, "Notice of Appeal was filed on May 3, 2018," but that OSAD was "appointed to represent appellant on June 8, 2018" and "notified of its appointment on June 22, 2018." The docketing statement filed on August 16, 2018, likewise states that notice of appeal was filed on May 3, 2018.[2]

¶ 15    On appeal, defendant first argues that the trial court erred by not addressing the claims for ineffective assistance raised in her May 15, 2018, *pro se* "Motion for Reconsideration of

---

[2] In its brief, the State contends the May 3, 2018, notice of appeal was not file-stamped until May 31, 2018. It is incorrect. The record contains two notices of appeal. The first is typed, prepared by trial counsel, signed by the trial judge, and not file-stamped. It appears to be the notice of appeal presented to the judge in open court on May 3, 2018. The second notice of appeal is handwritten, prepared and signed by defendant *pro se*, file-stamped May 31, 2018, and, per the attached notarized proof of service, was mailed to the court on May 21, 2018. These notices of appeal are clearly not the same, and the May 3, 2018, notice was not the notice file-stamped on May 31, 2018.

Sentencing and Dismiss Case and [R]eturn [F]ull Bond Security."[3] Defendant contends that her May 3, 2018, notice of appeal was invalid because it was "never filestamped by the clerk and did not generate any notice of notice of appeal or appointment of appellate counsel." As the first notice of appeal was invalid and defendant filed her May 15, 2018, *pro se* motion before her second notice of appeal on May 31, 2018, she maintains that her claims required a hearing. Alternatively, were the May 3, 2018, notice of appeal valid, defendant posits that her *pro se* motion required the trial court to strike the notice under Illinois Supreme Court Rule 606(b) (eff. July 1, 2017) and hear her allegations of ineffective assistance.

¶ 16    The State responds that defendant abandoned the ineffectiveness claims in her first *pro se* posttrial motion when she withdrew it on May 3, 2018. The State further contends the notice of appeal filed that day was effective because it was accepted by the trial judge, and the court had no jurisdiction to consider claims raised in the subsequent posttrial motion. According to the State, defendant's *pro se* motion of May 15, 2018, did not revest the trial court with jurisdiction because claims of ineffective assistance are not contemplated by Illinois Supreme Court Rule 606(b) (eff. July 1, 2017), the *pro se* motion was unauthorized where counsel had already filed a postsentencing motion, and the additional claims of ineffectiveness in defendant's *pro se* motion could have been raised in the *pro se* posttrial motion that defendant withdrew.

¶ 17    At the outset, this court has an independent duty to consider its jurisdiction. *People v.*

_____

[3] As noted, the exhibits appended to defendant's May 15, 2018, *pro se* "Motion for Reconsideration of Sentencing and Dismiss Case and [R]eturn [F]ull Bond Security" included *pro se* motions requesting the public defender be dismissed for ineffective assistance and a motion requesting leave to proceed *pro se* for the same reason. Defendant's brief on appeal identifies the ineffectiveness claims raised in the May 15, 2018, motion and those raised in the attached motion requesting the public defender be dismissed, but does challenge the trial court's failure to rule upon the other claims that defendant raised in the documents filed on May 15, 2018.

*Lewis*, 234 Ill. 2d 32, 36-37 (2009). Generally, a notice of appeal "must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from or if a motion directed against the judgment is timely filed, within 30 days after the entry of the order disposing of the motion." Ill. S. Ct. R. 606(b) (eff. July 1, 2017). Illinois Supreme Court Rule 606(a) provides:

"Appeals shall be perfected by filing a notice of appeal with the clerk of the trial court. *** If the defendant so requests in open court at the time he is advised of his right to appeal or subsequently in writing, the clerk of the trial court shall prepare, sign, and file forthwith a notice of appeal for the defendant. No step in the perfection of the appeal other than the filing of the notice of appeal is jurisdictional." Ill. S. Ct. R. 606(a) (eff. July 1, 2017).

¶ 18    In turn, Illinois Supreme Court Rule 606(b) states:

"When a timely posttrial or postsentencing motion directed against the judgment has been filed by counsel or by defendant, if not represented by counsel, any notice of appeal filed before the entry of the order disposing of all pending postjudgment motions shall have no effect and shall be stricken by the trial court.

*** This rule applies whether the timely postjudgment motion was filed before or after the date on which the notice of appeal was filed." Ill. S. Ct. R. 606(b) (eff. July 1, 2017).

¶ 19    Thus, generally, "when a timely posttrial or postsentencing motion directed against the judgment is filed, even after a notice of appeal is filed, the notice must be stricken." *People v. Darr*, 2018 IL App (3d) 150562, ¶ 90.

¶ 20    In *People v. Patrick*, 2011 IL 111666, our supreme court held that a defendant raising *pro se* claims of ineffective assistance is exempt from the statutory requirement to bring a motion for

a new trial within 30 days of the return of a verdict under section 116-1(b) of the Code of Criminal Procedure (725 ILCS 5/116-1(b) (West 2006)). *Patrick*, 2011 IL 111666, ¶ 42. As the supreme court explained, "[a] *pro se* posttrial motion alleging ineffective assistance of counsel is not a new trial motion as outlined in section 116-1," but "is part of a separate common law procedure developed in a line of cases beginning with [*People v. Krankel*, 102 Ill. 2d 181 (1984)]." *Patrick*, 2011 IL 111666, ¶ 30. Notwithstanding, "once a notice of appeal has been filed, the trial court loses jurisdiction of the case and may not entertain a *Krankel* motion raising a *pro se* claim of ineffective assistance of counsel." *Id.* ¶ 39.

¶ 21    Subsequently, in *Darr*, a panel of the Third District of this court considered the applicability of Rule 606(b) to a *Krankel* motion filed simultaneously with the notice of appeal. *Darr*, 2018 IL App (3d) 150562, ¶¶ 93-94. The Third District observed that, although *Patrick* did not discuss Rule 606(b), the supreme court nonetheless "remov[ed]" *Krankel* claims "from the auspices of the primary posttrial timeliness rule in criminal procedure." *Id.* ¶¶ 95-96. Notwithstanding, the Third District noted:

> "So as to make clear that *Krankel* claims were still bound by *some* timeliness requirements, the court repeatedly invoked the filing of the notice of appeal as, essentially, the final deadline to make such claims. To hold that *Krankel* claims should still be ruled upon after the notice of appeal has been filed is not only contrary to the spirit and letter of *Patrick*, but it would essentially leave no rule governing the timeliness of such claims." (Emphasis in original.) *Id.* ¶ 96.

¶ 22    The Third District therefore concluded that the defendant's notice of appeal, although filed contemporaneously with his ineffectiveness claims, "perfected his appeal and deprived the circuit

court of jurisdiction." *Id.* ¶ 99. Accordingly, the Third District held that the circuit court did not err in not conducting a preliminary *Krankel* inquiry, "as it was without jurisdiction to do so." *Id.*

¶ 23 In the present case, following the return of the jury's verdict, defendant filed a *pro se* motion "to release the Public Defender" and counsel filed a motion for new trial. On May 3, 2018, the trial court allowed defendant's request to withdraw both motions and imposed sentence. That same day, the court denied counsel's motion to reconsider sentence. Counsel then requested leave to file a notice of appeal. The copy of the notice in the record is not file-stamped, but bears the signatures of counsel and the trial judge. Moreover, the half-sheet and electronic docket entry reflect that the notice was timely filed on May 3, 2018. Consequently, trial counsel perfected defendant's right to appeal on May 3, 2018, and this court has jurisdiction thereof. See Ill. S. Ct. R. 606(a) (eff. July 1, 2017) ("No step in the perfection of the appeal other than the filing of the notice of appeal is jurisdictional.").

¶ 24 After counsel filed the notice of appeal on May 3, 2018, defendant filed a *pro se* "Motion for Reconsideration of Sentencing and Dismiss Case and [R]eturn [F]ull Bond Security" on May 15, 2018. Therein, defendant raised allegations of trial court error and ineffective assistance of counsel. As the Third District explained in *Darr*, however, a *pro se* posttrial motion alleging ineffective assistance does not obviate a notice of appeal filed contemporaneously to that motion. See *Darr*, 2018 IL App (3d) 150562, ¶ 99. Necessarily, therefore, following *Darr*, the circuit court in this case lacked jurisdiction to consider defendant's *pro se* posttrial motion filed after the valid May 3, 2018, notice of appeal.

¶ 25 In so holding, we recognize that the claims of ineffective assistance in defendant's *pro se* motion of May 15, 2018, were not the only allegations therein. But, "[t]he plain language of Rule

606(b) contemplates the filing of only one postjudgment motion directed against the final judgment—whether it be the conviction or the sentence or both." (Internal quotation marks omitted.) *People v. Stevenson*, 2011 IL App (1st) 093413, ¶ 35. Rule 606(b) does not permit "successive and repetitious motions that raise issues that were or could have been raised earlier and thereby extend the time for appeal." *Id.*

¶ 26    Here, trial counsel filed a motion for new trial that was file-stamped on April 11, 2018, which was ultimately withdrawn at defendant's request. Counsel then filed a motion to reconsider sentence that was denied on May 3, 2018. The postjudgment and postsentencing motions contemplated by Rule 606(b) had, therefore, been filed, and the *pro se* successive postjudgment and postsentencing motion that defendant filed on May 15, 2018, after both initial motions had been variously withdrawn and denied, was improper. *Id.* Consequently, the trial court lacked jurisdiction to consider not only the ineffective assistance claims raised in defendant's May 15, 2018, *pro se* "Motion for Reconsideration of Sentencing and Dismiss Case and [R]eturn [F]ull Bond Security" but the other claims therein as well. The court, therefore, did not err by not addressing those allegations.

¶ 27    Next, defendant contends that her two convictions for aggravated battery violate the one-act, one-crime doctrine because they stem from the same physical act of beating Owens about the head and body. The State agrees.

¶ 28    Defendant concedes that she did not preserve this issue in a contemporaneous objection and postsentencing motion and, therefore, the claim is forfeited. See *People v. Hillier*, 237 Ill. 2d 539, 544-45 (2010). Instead, she seeks review under the plain error doctrine, which allows a reviewing court to consider an unpreserved error if (1) the evidence is so closely balanced that the

error threatened to tip the scales of justice against the defendant, or (2) the error is so serious that it denied the defendant a fair trial and challenged the integrity of the judicial process. *People v. Piatkowski*, 225 Ill. 2d 551, 565 (2007). One-act, one-crime violations fall within the second prong of the plain error doctrine. *People v. Coats*, 2018 IL 121926, ¶ 10. Our first inquiry is whether an error occurred. *Id*. ¶ 11.

¶ 29    Under the one-act, one-crime rule, a defendant may not be convicted for multiple offenses based on the same physical act. *Id*. In that situation, the reviewing court must vacate the sentence for the less serious offense. *People v. Smith*, 2019 IL 123901, ¶ 37.

¶ 30    Initially, we must ascertain whether defendant's conduct consisted of a single physical act or separate acts. *Coats*, 2018 IL 121926, ¶ 12. "[T]he definition of an 'act' for purposes of this analysis is simply 'any overt or outward manifestation which will support a different offense.' " *Smith*, 2019 IL 123901, ¶ 18 (quoting *People v. King*, 66 Ill. 2d 551, 566 (1977)). If defendant committed multiple acts, we must consider whether any of the offenses are lesser-included offenses. *Coats*, 2018 IL 121926, ¶ 12. If none are lesser-included offenses, multiple convictions are proper. *Id.* Our review is *de novo*. *Smith*, 2019 IL 123901, ¶ 15.

¶ 31    The information charged defendant with two counts of aggravated battery premised on beating Owens "about the head and body." Count I alleged the battery occurred on a public way (720 ILCS 5/12-3.05(c) (West 2016)), while count II alleged that Owens was an employee of the City of Chicago performing her official duties (720 ILCS 5/12-3.05(d)(6) (West 2016)). Neither count involved an additional physical act not required for the other. See *Smith*, 2019 IL 123901, ¶ 19. Consequently, defendant was convicted for multiple counts of aggravated battery premised on the same physical act. *Id.*

¶ 32    Due to the violation of the one-act, one-crime rule, the sentence for the less serious offense must be vacated. See *Smith*, 2019 IL 123901, ¶ 37. A court determines the more serious offense by comparing the punishments for the offenses. *People v. Artis*, 232 Ill. 2d 156, 170 (2009). When the reviewing court cannot determine the more serious offense, "the cause will be remanded to the trial court for that determination." *Id.* at 177.

¶ 33    Here, we cannot determine which conviction is more serious because aggravated battery on a public way and aggravated battery to a public official are both Class 3 felonies (720 ILCS 5/12-3.05(h) (West 2016)) with sentencing ranges of two to five years' imprisonment (730 ILCS 5/5-4.5-40(a) (West 2016)). Accordingly, we remand to the trial court so that it may determine which conviction should be vacated. See *Artis*, 232 Ill. 2d at 177.

¶ 34    For the foregoing reasons, we remand for the trial court to vacate defendant's conviction on the less-serious count of aggravated battery and otherwise affirm.

¶ 35    Affirmed in part; cause remanded.